## BOND *v.* CITY OF ROYSTON *et al.*

## ELBERTON GROCERY CO. *v.* CITY OF ROYSTON *et al.*

The mayor and council of the City of Royston adopted an ordinance imposing a tax of $50 upon every non-resident dealer selling or offering to sell commercial fertilizers or delivering them to consumers within the limits of the municipality, and which provided further that application should be made to the mayor for a license authorizing the same. *Held,* that the adoption of this ordinance was an attempted exercise of the legislative powers conferred upon the municipality, and even though the ordinance was unconstitutional and void, the attempted enforcement of it, by the levy of a tax fi. fa. for the amount of the license fee, would not render the municipality itself .liable in damages to the party upon whose property the fi. fa. had been levied, or to one whose business was affected by such attempted enforcement.

Submitted January 13,—Decided May 14, 1908.

Actions for damages. Before Judge Brand. Franklin superior court. June 5, 1907.

These two cases are controlled by the decision of a single question, raised in both records. For convenience of reference, the case of Bond *v.* City of Royston *et al.* will be referred to as the first case, and that of the Elberton. Grocery Company, against the same defendants, as the second case. The important question in each case is whether the municipality was liable for damages alleged to have resulted from the attempted enforcement of an ordinance adopted by the mayor and council, imposing a tax of $50 upon all non-resident dealers in commercial fertilizers, and making penal the sale and delivery of such fertilizers to consumers in the city, unless a license has first been obtained from the mayor and council. It was alleged in the petition in the first case, that "said ordinance was passed to prohibit petitioner from getting said guano from said Elberton Grocery Company, as well as to prevent the Elberton Grocery Company from delivering the same in Royston, they believing the Elberton Grocery Company would refuse to pay the tax, and thereby petitioner would be forced to buy his guano from a dealer in Royston, the said ordinance excepting the local dealers from payment of said tax. Said guano was shipped on the 20th of February, and said ordinance was passed at a called meeting of the mayor and council late in the afternoon of February 19th, 1906. While the names of petitioner and the Elberton Grocery Company were unnamed in said ordinance, it

was they the said defendants were hitting at and intended should be so hit by them. . . In the performance of said acts of which complaint is made, the said municipality . . acted on its private, and not on its governmental, side, seeking provision for the necessities and conveniences of its community, its own good, as well as to prevent competition of outsiders with its own local dealers in guano. In so exercising its powers for private, local, or merely corporate purposes or benefits, the said City of Royston, as such, places itself under the rules which govern in cases of torts of individuals or private corporations, and in doing said acts the said municipality, the said City of Royston, is liable to petitioner the same as if it were a private corporation or an individual. Said municipality intended, in performing said acts, the furtherance of its private or pecuniary interests; and these acts were but the exercising of the municipality's private functions for its own good." Similar allegations were made in the second case. In each case the city, upon general demurrer by it, was stricken as a party defendant, the court holding that it was not liable in the case stated.

Z. B. Rogers, for plaintiffs.

T. G. Dorough and A. G. & Julian McCurry, for defendants.

BECK, J. (After stating the facts.) In the passage and adoption of the ordinance in question, the city was acting in the exercise of a governmental function, and of a part of its public powers, the act of passing or adopting such an ordinance being an exercise of the legislative powers conferred upon the municipality by the legislature of the State. "There are two kinds of duties which are imposed upon a municipal corporation. One is of that kind which arises from the grant of a special power, in the exercise of which the municipality is as a legal individual. The other is of that kind which arises or is implied from the use of political rights under the general law, in the exercise of which it is as a sovereign. The former power is private, and is used for private purposes; . . the latter is public, and is used for public purposes. . . In the exercise of the former power, and under the duty to the public which the acceptance and use of the power involves, a municipality is like a private corporation, and is liable for failure to use its power well, or for any injury caused by using it badly; but where the power . . is conferred not for the immediate benefit of the municipality, but as a means to the exercise of

the sovereign power for the benefit of all citizens, the corporation is not liable for nonuser nor for misuser by the public agents." Maxmilian *v.* Mayor, 62 N. Y. 160 (20 Am. R. 468). See also Dill. Mun. Corp. (4th ed.) §§966-968. And the doctrine is thus stated in 1 Andrews' Amer. Law, 512: "The public (the State) can not be sued except by consent, and it follows that if the employment is in the performance of a public function or duty, local or general, there is no public or corporate liability. If, on the other hand, the service is in the line of corporate business or corporate affairs, and not relating to matters of a governmental nature, the corporation is treated as any other person corporate, responsible for the acts of agents or servants."

The plaintiffs sought to take this case out of the rule, by alleging that, in the passage of the ordinance in question, the city "intended, in performing said acts, the furtherance of its private or pecuniary interests, and these acts were but the exercising of the municipality's private functions for its own good;" but these allegations must be treated as mere conclusions of the pleader, no facts being alleged to show that the city was seeking "the furtherance of its private or pecuniary interests." It does not appear that the municipality, as such, either was or could legally have been engaged in any business which the parties whom it is alleged the ordinance was intended to affect could have come into competition with. In the case of *Bartlett* v. *Columbus,* 101 *Ga.* 300 (28 S. E. 599, 44 L. R. A. 795), it was said, that "The passage of the ordinance by the city council of Columbus, for the alleged violation of which the plaintiff in error was tried, convicted, and imprisoned, was an exercise of the legislative power, and his trial and sentence by the recorder was an exercise of the judicial power conferred by the State upon the municipal corporation. It is well settled that for errors of judgment committed in the exercise of either of these powers a municipal corporation is not liable in damages." And in another case, decided by this court, it was held that "A municipal corporation is not liable for damages resulting from a failure on the part of its council to perform, or an improper performance of, those powers and duties which are legislative or judicial in their character." *Rivers* v. *Augusta,* 65 *Ga.* 376 (38 Am. R. 787). It was insisted in argument that this case was controlled in favor of the plaintiffs in error by the case of

*Gould* v. *Atlanta, 55 Ga.* 678; and while it can not be denied that upon many material facts the cases are very similar, still they are not so absolutely identical as to make the ruling in the *Gould* case necessarily controlling here; and we are unwilling to extend the ruling in the case just referred to further than we are required to do. That case differs from the present one, in that the plaintiff in the suit for damages against the city was personally named in the ordinance, and the ordinance which was enforced against him was aimed at him individually; while in the present case, the ordinance, by its provisions, embraces a class, although it may have been intended to be applicable particularly to the plaintiffs in the case at bar. Besides, in the *Gould* case, supra, the distinct question as to whether or not the city, in passing the ordinance referred to, was in the exercise of its governmental and public powers, and, consequently, exempt from damages resulting from the enforcement of an ordinance passed in the exercise of such powers, does not seem to have been distinctly raised or adjudicated. It may be also added here that this *Gould* case seems to stand alone when cited by text-writers in support of the doctrine there laid down.

In addition to the assignment of error upon sustaining the general demurrer filed by the City of Royston in each case, there were, in the bill of exceptions in the second case, exceptions to the ruling of the court in sustaining certain special demurrers to portions of the plaintiff's petition; but as these exceptions were neither urged nor argued in the brief of counsel for the plaintiff in error, they are treated as abandoned.

*Judgment affirmed. All the Justices concur.*