## HARRIS *et al.,* commissioners, *v.* ARNOLD.

1. When, compared in their entirety, no issue of fact is raised by the answer to a petition for mandamus, it is not erroneous for the judge to apply the law to the facts without submitting them to a jury.
2. An assignment of error not referred to in the brief for plaintiff in error is treated as abandoned.

No. 4688. JANUARY 15, 1926.

Mandamus. Before Judge Russell. Gwinnett superior court. December 15, 1924.

*John I. Kelley,* for plaintiffs in error. *O. A. Nix,* contra.

ATKINSON, J. A petition for mandamus against named persons as county commissioners of Gwinnett County, having in charge the fiscal affairs of the county, alleged that the petitioner and the county, acting through its board of county commissioners, being predecessors of the defendants, entered into a written contract. A copy of the paper was attached as a part of the petition. It purported, on consideration of $350, to convey to the county certain easements for location of a highway through petitioner's lands, and contained reciprocal covenants upon the part of the county. It was signed by the petitioner and·"J. H. Britt, Clerk Board County Com., Gwinnett Co." Other allegations of the petition were, that the county paid the recited consideration and entered and continues to hold possession of the easements granted; that petitioner is a citizen and taxpayer, and as such, as well as in his individual right, is entitled to have the contract entered upon the minutes of the board of county commissioners; that it is the legal duty of the defendants to enter the contract on the minutes; and that the

---

Appeal and Error 3 C. J. p. 1410, n. 42; 4 C. J. p. 1068, n. 22.
Mandamus 38 C. J. p. 924, n. 57.

defendants have refused the petitioner's demands, on two stated occasions, to enter the contract on their minutes. There were appropriate prayers for the writ of mandamus. The defendants answered, specifically admitting that they constituted the board of commissioners residing in the county, with powers as alleged, that the petitioner is a citizen and taxpayer of the county, and that he had asked that the contract be recorded. The answer also alleged that defendants were not members of the board of commissioners at the date of the alleged contract; that nothing was placed on the minutes relating thereto, or granting any authority to make such a contract, or ratifying the same; that the contract appears to have been signed by the petitioner of the first part, and by "J. H. Britt, Clerk Board of County Commissioners of Gwinnett County," of the other part; that at the time there were three county commissioners, and it was necessary for at least two of the commissioners to concur to make a binding contract; that the contract does not appear on its face to be legal and binding, especially as there is nothing on the minutes to authorize its execution by one commissioner; that the legality of the contract should be determined before the same is recorded; that it would have been impossible to record the contract, for the reason that the petitioner did not turn it over to respondents or offer to do so; that petitioner "got said contract from the office of the board about two years ago, and they have never seen it since, with the exception of one time when it was produced in court by him on the trial of a case." Except as above indicated, the several paragraphs of the petition were either expressly denied or it was alleged that for the want of information the defendants could neither admit nor deny them. At the trial the petition and answer were each read as evidence, and no other evidence was introduced. The judge, without any consent by the parties that he pass upon questions of fact, rendered a judgment ordering the issuance of a mandamus absolute. The defendants excepted, the sole exception being that the judgment was "error as being contrary to law and, · . . that the said judge . . should have refused said mandamus absolute, and should have allowed a jury to pass on the issues of fact raised under the pleadings and evidence, before passing · an order granting a mandamus absolute."

1. The sole ground for reversal argued in the brief of the attor-

ney for the plaintiff in error was that there were issues of fact and the judge should not have granted mandamus absolute without submitting these issues to the jury. The answer makes denial or otherwise calls for proof of certain allegations of the petition, but in other parts substantially admits those allegations and makes others in avoidance. When the petition and the answer in their entirety are compared, there is no issue of fact; and accordingly it was not erroneous for the judge to apply the law to the facts without submitting them to the jury.

2. It will not be decided whether mandamus absolute should have been denied on the ground that the alleged contract was not prima facie valid. If the assignment of error was sufficient to raise that question, it was abandoned by failure to refer to it in the brief of the plaintiffs in error.

<em>Judgment affirmed.    All the Justices concur.</em>