CITY OF WAYCROSS *et al. v.* CAULLEY.

ATKINSON, J.  Section 18 of the charter of the City of Waycross (Acts 1909, p. 1456) confers power upon the mayor and aldermen to make contracts and by laws and ordinances and do all such things "as may be necessary or expedient for the peace, good order, health, safety, benefit, and general welfare of said city and of the inhabitants thereof; and shall also have the right and power to exercise the full police power of the State within" the city.  Similar general powers were expressed in section twenty-one.  In subsection 3 of section 56 power was conferred "to establish one or more markets" and "prevent the sale of marketable commodities elsewhere in the city."  In subsection (e) of section 20 of the amendatory act of 1922 (Acts 1922, p. 1087) it was provided that the health department "shall have control of . . inspection of meats and slaughter-pens . . as well as stores, shops, and other places where food, meats, provisions, etc., are stored."  An ordinance of the City of Waycross was subsequently passed, purporting to grant a franchise to private individuals for the term of twenty-five years, authorizing them, their successors and assigns, to erect, purchase, operate, and maintain at a designated place in the city, or any other place as shall be approved by the chief inspector or other appropriate health officer or the city manager, "an abattoir, cold-storage slaughter-house and packing-house for the handling, slaughtering, storage, feeding, and packing of slaughtered animals for food."  In section four of the ordinance, it was provided that "all meat slaughtered in this city, exclusive of Federal government inspected meat, shall be slaughtered in said abattoir, and all killing of animals for food to be used in said city shall be done therein."  Section five of the ordinance contained a scale of prices which the grantees should charge for killing animals, "which price shall include seventy-two hours cold storage, and said prices shall be maintained during the existence of this franchise, unless by an amendment to this ordinance authority shall be given to increase said prices."  Said section five also provided:  "The Commission of the City of Waycross shall furnish its own inspector, establish and collect its own inspection fees, which shall be in addition to the slaughtering charges aforesaid," except that in the event the grantees shall obtain Federal inspection of animals slaughtered at the abattoir there shall be no inspection by the city and no inspection fees accruing to the city.  The ordinance did not contain any provision purporting to authorize persons other than the grantees of the franchise to slaughter animals at the abattoir.  *Held:*

1. The ordinance purports to grant an exclusive franchise to the individuals mentioned as grantees, which would deny a skilled butcher having an established business the right to slaughter at the abattoir or elsewhere his own animals for food to be used in the city.  To the extent that the ordinance denies such right it creates a monopoly.  *City of Atlanta v. Stein,* 111 *Ga.* 789 (36 S. E. 932, 51 L. R. A. 335) ; *Hudspeth v. Hall,* 113 *Ga.* 4 (38 S. E. 358, 84 Am. St. R. 200) ; City of Hudson *v.* Thorne, 7 Paige (N. Y.) 261; City of Chicago *v.* Rumpff, 45 Ill. 90 (92 Am.

Monopolies, 41 C. J. p. 90, n. 99.

D. 196) ; Gale v. Kalamazoo, 23 Mich. 344 (9 Am. R. 80) ; Noe v. Morristown, 128 Tenn. 350 (161 S. W. 485, Ann. Cas. 1915C, 241).

(a) The case differs from Butchers' Benevolent Association v. Crescent City Live-Stock &c. Co. (Slaughter-House Cases), 83 U. S. 36 (21 L. ed. 394), in which the act of the legislature creating a private corporation and granting to it a franchise to operate a slaughter-house contained provisions whereby members of the public were authorized to do their own butchering in the slaughter-house.

(b) The case differs from Plumb v. Christie, 103 Ga. 686 (4) (30 S. E. 759, 42 L. R. A. 181), in which the act of the legislature involved conferred an exclusive franchise upon a municipality to operate a dispensary for the sale of intoxicating liquors that could not be sold in the State except under license.

(c) The case differs from Schoen v. Pylant, 162 Ga. 565 (134 S. E. 304), in which no attack was made on the authority of the defendants to operate the abattoir involved; but the rulings herein are in harmony with the decision in that case on the question as to validity of an ordinance requiring the persons operating the abattoir to serve without discrimination members of the public offering animals at the abattoir to be slaughtered.

2. The provisions of the charter of the City of Waycross do not include express power to the mayor and aldermen to grant a monopoly in the business of slaughtering animals for food to be used in the city.

3. The rule is stated in Lofton v. Collins, 117 Ga. 434-438 (43 S. E. 708, 61 L. R. A. 150): "A grant of power to a municipal corporation must be construed strictly, and such a corporation can exercise no powers except such as are expressly given or are necessarily implied." See also Bethune v. Hughes, 28 Ga. 560 (73 Am. D. 789) ; Mayor &c. of Leesburg v. Putnam, 103 Ga. 110 (29 S. E. 602, 68 Am. St. R. 80) ; 19 R. C. L. 768, § 75. Applying the foregoing rule, the powers expressed in the charter of the City of Waycross, properly construed, do not imply authority to the mayor and aldermen to grant a monopoly in the business of slaughtering animals for food to be used in the city, which would deny the right of a skilled butcher having an established business to slaughter his own animals at the abattoir, or elsewhere, for food to be used in the city. See citations in headnote 1, supra.

4. In a suit against the City of Waycross and its administrative officers, instituted by a butcher who had an established business in which he applied his individual skill in butchering animals elsewhere than at the abattoir and selling the meat for food in the City of Waycross in conformity with existing municipal laws, the trial judge did not err, under application of the foregoing principles and the authorities cited, in holding the ordinance void in so far as it interfered with the rights of the plaintiff in conducting his said business, and in overruling the general demurrer to the petition and granting a temporary injunction. It becomes unnecessary to rule upon other questions in so far as sufficiently made to invoke a ruling by this court.

　　　　　　　Judgment affirmed. All the Justices concur.

　　　　No. 5249. December 20, 1926.

Injunction. Before Judge Reed. Ware superior court. December 18, 1925.

*Jerome Crawley* and *Wilson, Bennett & Pedrick,* for plaintiffs in error.

*Blalock & Blalock* and *A. B. Spence,* contra.