## Clem *et al. v.* City of LaGrange *el al.*

Atkinson, J. The City of LaGrange adopted a "bus ordinance," declaring that the business of operating a bus line shall consist in the operation of motor-vehicles for transporting persons for hire in the city "over a fixed route or routes," to be approved by the council, and prescribed a maximum fare of ten cents for each passenger over 12 years of age, but did not name any minimum charge. It also required maintenance of "fixed schedules each day, Sunday excepted," and required operations from "seven o'clock a. m. to six o'clock p. m., inclusive of those hours." On the same day the city also adopted a "taxicab ordinance." This ordinance declared that "the business of operating a taxi" in the city shall consist in the transportation of persons for hire by motor-vehicle not on a "fixed route or routes." This ordinance prescribed a maximum fare "between the hours of 4:30 a. m. and 10:00 p. m." of 50 cents per passenger, and a minimum fare of 25 cents for each passenger "not counting infants in charge of nurse or parent." It was also provided that the "minimum" fare shall not be charged "without the written consent of the mayor, which may be withdrawn at any time in his discretion." At the time of the passage of the foregoing ordinances there were existing ordinances authorizing the licensing of persons operating taxicabs, but there was no ordinance fixing maximum and minimum fares for carrying passengers as above stated. Certain persons engaged in the business of operating taxicabs in the city, who had obtained licenses under existing ordinances for the current year in which the first above-mentioned ordinances were adopted, instituted an action to enjoin enforcement of said ordinances, and excepted to a judgment refusing an interlocutory injunction. *Held:*

1. The authority of the City of LaGrange, as conferred in section 1 of the act of 1901 (Acts 1901, p. 477), to "make and enact, through its mayor and council, such ordinances, rules, regulations, and resolutions for the transaction of its business and the welfare and proper government of said city as to said mayor and council may seem best, and which shall be consistent with the laws of the State of Georgia, and the United States," is sufficiently broad to authorize the mayor and council to adopt the ordinances above referred to in regard to operating on the streets of the city motor-buses and taxicabs.

2. The operation of motor-buses under regular schedules on fixed routes to be approved by the council differs so materially from operation of taxicabs generally throughout the city, without fixed schedules or restriction in the matter of routes, as to afford proper basis for classification by the municipality in prescribing fares which each may charge for carrying passengers.

3. There being sufficient ground for classification, when the two ordinances are considered together there was no illegal discrimination or monopoly created in favor of bus lines, as against operators of taxicabs, by the ordinances above mentioned.

4. Individuals do not have the inherent right to conduct their private businesses in the streets of a city. A city can prohibit the owners

or operators of taxicabs and buses from transporting passengers for hire in such vehicles upon the streets of the city. The transportation of passengers for hire in such vehicles or otherwise is a privilege which the municipality can grant or withhold. As the owners or operators of taxicabs or jitney-buses have no right to transport passengers for hire on the streets of the city, and as the city can prohibit wholly or partially the conduct of such business in its streets, if the city sees fit to grant permission to individuals to conduct such business in its streets it can prescribe such terms and conditions as it may see fit, and individuals desiring to avail themselves of such permission must comply with such terms and conditions, whether they are reasonable or unreasonable. *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861).

5. Applying the principles announced in the preceding divisions, the municipal ordinance first mentioned is not void on the grounds, as contended: (1) That it is unreasonable and ultra vires. (2) It grants a special privilege to a private business. (3) It fixes a charge on the public for transportation illegally. (4) It prevents competition. (5) It tends to establish a monopoly. (6) It fixes an unreasonable limit for public service. (7) It attempts to fix price, regardless of contract which petitioners as citizens would have to pay for transportation. (8) It is not authorized by direct authority in the charter of LaGrange, but is based on unreasonable extension contained in the general powers of said charter.

6. Nor is the second ordinance called the taxicab ordinance void on the grounds, as contended: (1) That it is in restraint of trade. (2) It tends to create a. monopoly. (3) In the fare charged it unduly restricts taxicab operators from competing with bus lines. (4) It is an ultra vires act. (5) It discriminates between businesses of like character. (6) It abridges the right to contract.

7. The two preceding divisions set forth in substance all the contentions of the original plaintiffs and intervenors, relatively to the grounds of attack upon the ordinances involved, as made by the allegations of the petition as amended and the interventions. The several grounds of attack were more elaborately stated in the pleadings, but they were in substance as indicated above. Under the pleadings and the evidence the controlling questions are as indicated in the preceding divisions, and the judge did not err in refusing an interlocutory injunction. *Judgment affirmed. All the Justices concur.*

No. 6792. September 17, 1929.

*L. L. Meadors,* for plaintiffs.
*L. B. Wyatt* and *M. U. Mooty,* for defendants.