CITY OF DALTON *et al. v.* STATEN.

No. 15662. JANUARY 8, 1947.

*Albert L. Hodge* and *R. Carter Pittman,* for plaintiffs in error. *Stafford Brooke,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The city invokes two ordinances upon which it bases its right to remove these telephones from the streets or sidewalks: An ordinance of March 4, 1946, which deals at length with the regulation of taxicabs, and contains the following provisions: "There shall be no reserved spaces for taxicabs on the streets of the said . . City of Dalton;" with the further provision for those then in operation that they "be granted 90 days . . in which to secure a proper lot or building" to operate their business. Also, section 515 of the City Code, providing: "No person or persons shall convert any public street, sidewalk or alley in said city to his or her use, or place any obstruction in or upon them, or either of them, such as wood, barrels and boxes, timber or lumber, except necessarily for building purposes. And such obstruction shall be moved by the Chief of Police at the expense of the owner or owners thereof."

Whether the ordinance of March 4, 1946, would authorize the Chief of Police to remove the telephones from the streets or sidewalks, need not be determined, as we predicate the ruling here made upon section 515 of the City Code.

A municipality holds streets in trust for the convenience and use of the public at large. Their·use for the purpose of gain is special and extraordinary, and may be prohibited or conditioned as

the municipality deems proper. Their use is not absolute and unrestricted, but is subject to reasonable regulation and is peculiarly within the police control for the purpose of preserving and protecting their use by the public as thoroughfares. And such regulation applies to the sidewalks as well as to the roadways. *Simon* v. *Atlanta,* 67 *Ga.* 618 (44 Am. R. 739); *Fitts* v. *Atlanta,* 121 *Ga.* 567 (49 S. E. 793, 67 L. R. A. 803, 104 Am. St. R. 167); *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861); *Hancock* v. *Rush,* 181 *Ga.* 587, 600 (183 S. E. 554); *Jones* v. *Moultrie,* 196 *Ga.* 526 (27 S. E. 2d, 39).

■ Under section 515 of the City Code it is clear that the city has prohibited anyone from converting the streets and sidewalks to his own use, and from placing any obstructions upon them. Such telephones as are suspended above a street or sidewalk come within the purview of this section of the City Code, which authorizes their removal by the Chief of Police.

The instant case is distinguishable from *Town of Lilburn* v. *Alford Bros.,* 163 *Ga.* 282 (136 S. E. 65), in that the ordinance there involved prohibited a permanent obstruction and required notice for a removal by the town marshal, and the evidence disclosed only a temporary use of the sidewalk to load and unload trucks and wagons.

The court erred in continuing the restraining order in force.

*Judgment reversed. All the Justices concur.*