McWHORTER, Mayor, *et al. v.* SETTLE.

DUCKWORTH, Presiding Justice.    1.    The transportation of passengers for hire in a taxicab upon the streets of a city is not an inherent right, but a privilege which the municipality, in the exercise of its discretion, may grant or refuse.    *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861); *Clem* v. *LaGrange,* 169 *Ga.* 51 (149 S. E. 638, 65 A. L. R. 1361); 1-2 Huddy. Encyclopedia of Automobile Law, 407, § 187; 1 Blashfield, Cyclopedia of Automobile Law and Practice, 225, § 331; 37 Am. Jur. 535, § 22.

2. Where a city stipulates by ordinance, as here, the "conditions, regulations and restrictions" for the operation of a taxicab within the city, naming the requirements that must be met, and providing that it "shall be unlawful to operate or cause to be operated in said city any taxicabs unless a permit for the operation thereof shall have been first issued by the city council," the city by such ordinance, instead of providing for the issuance of a permit, subject to the discretion of the governing authorities to be exercised at the time of the consideration of the application for a permit, thereby exercises and fixes its discretion as to licensing such transportation by making lawful the operation of a taxicab for hire upon the streets of the city by all persons who comply with the requirements of the ordinance, and entitles them to engage in such business. A denial of such a permit would amount to a denial of the equal' protection of the law, and an applicant for such a permit can under the circumstances enforce his right thereto by mandamus. Schlesinger v. Atlanta, supra.

3. The petition—alleging compliance with all the requirements of the ordinance of the City of Athens for the operation of taxicabs for hire in that city, that the application of the petitioner for a permit was denied at a regular monthly meeting of the defendants, though no objection was made by anyone that he had not complied with the requirements of the ordinance, that such denial was without legal justification or excuse, was arbitrary, illegal and capricious and an abuse of discretion, depriving him of the equal protection of the law in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States and of the impartial and complete protection of the law in violation of article 1, section 1, paragraph 2 of the Constitution of the State of Georgia, Code, § 2-102, and of due process of law in violation of article 1, section 1, paragraph 3 of the Constitution of the State of Georgia, Code, § 2-103, and that because of the denial of the said permit the petitioner is deprived of the right to pursue his chosen livelihood and suffers pecuniary loss for which he can not be compensated in damages—stated a cause of action for mandamus. Accordingly, the court did not err in overruling the general grounds of demurrer.

4. The special grounds of demurrer to certain allegations of the petition as being mere conclusions of the pleader are without merit, since such allegations are supported by the facts set out in the petition.

5. The answer of the defendants raised no issue of fact, and the judge was, therefore, authorized to apply the law to the facts instead of submitting the case to the jury. Harris v. Arnold, 161 Ga. 557 (1) (131 S. E. 363).

6. Under the law and the facts the court did not err in granting a mandamus absolute. Judgment affirmed. All the Justices concur.

No. 15804. May 16, 1947. Rehearing denied June 12, 1947.

Rupert A. Brown, Carlisle Cobb, and Abit Nix, for plaintiffs in error.

F. C. Shackelford, John L. Green, and James Barrow, contra.