1. The transportation of passengers for hire in a taxicab upon the streets of a city is not an inherent right, but a privilege which the municipality, in the exercise of its discretion, may grant or refuse. Schlesinger v. Atlanta, 161 Ga. 148 (129 S.E. 861); Clem v. LaGrange, 169 Ga. 51
(149 S.E. 638, 65 A.L.R. 1361); 1-2 Huddy, Encyclopedia of Automobile Law, 407, § 187; 1 Blashfield, Cyclopedia of Automobile Law and Practice, 225, § 331; 37 Am. Jur. 535, § 22. *Page 335 
2. Where a city stipulates by ordinance, as here, the "conditions, regulations and restrictions" for the operation of a taxicab within the city, naming the requirements that must be met, and providing that it "shall be unlawful to operate or cause to be operated in said city any taxicabs unless a permit for the operation thereof shall have been first issued by the city council," the city by such ordinance, instead of providing for the issuance of a permit, subject to the discretion of the governing authorities to be exercised at the time of the consideration of the application for a permit, thereby exercises and fixes its discretion as to licensing such transportation by making lawful the operation of a taxicab for hire upon the streets of the city by all persons who comply with the requirements of the ordinance, and entitles them to engage in such business. A denial of such a permit would amount to a denial of the equal protection of the law, and an applicant for such a permit can under the circumstances enforce his right thereto by mandamus. Schlesinger v. Atlanta, supra.
3. The petition — alleging compliance with all the requirements of the ordinance of the City of Athens for the operation of taxicabs for hire in that city, that the application of the petitioner for a permit was denied at a regular monthly meeting of the defendants, though no objection was made by anyone that he had not complied with the requirements of the ordinance, that such denial was without legal justification or excuse, was arbitrary, illegal and capricious and an abuse of discretion, depriving him of the equal protection of the law in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States and of the impartial and complete protection of the law in violation of article 1, section 1, paragraph 2 of the Constitution of the State of Georgia, Code, § 2-102, and of due process of law in violation of article 1, section 1, paragraph 3 of the Constitution of the State of Georgia, Code, § 2-103, and that because of the denial of the said permit the petitioner is deprived of the right to pursue his chosen livelihood and suffers pecuniary loss for which he can not be compensated in damages — stated a cause of action for mandamus. Accordingly, the court did not err in overruling the general grounds of demurrer.
4. The special grounds of demurrer to certain allegations of the petition as being mere conclusions of the pleader are without merit, since such allegations are supported by the facts set out in the petition.
5. The answer of the defendants raised no issue of facts, and the judge was, therefore, authorized to apply the law to the facts instead of submitting the case to the jury. Harris v. Arnold, 161 Ga. 557 (1) (131 S.E. 363).
6. Under the law and the facts the court did not err in granting a mandamus absolute.
Judgment affirmed. All the Justicesconcur.
 No. 15804. MAY 16, 1947. REHEARING DENIED JUNE 12, 1947.
C. H. Settle brought an action in the Superior Court of Clarke County against Robert L. McWhorter, as mayor, and C. S. Denny and others, as councilmen, of the City of Athens, Georgia, the petition *Page 336 
as amended alleging the following: There is now of force a certain ordinance of The Mayor and Council of the City of Athens, adopted April 3, 1935, which provides that taxicabs may be operated upon the streets of the city under the regulations therein contained. A copy of the said ordinance was attached to the petition as Exhibit "A" and made a part thereof. Section 1 of the ordinance provides: "Operation of taxicabs within the City of Athens shall be subject to the conditions, regulations and restrictions herein set forth. And it shall be unlawful to operate or cause to be operated in said city any taxicabs unless a permit for the operation thereof shall have been first issued by the City Council of the City of Athens, as hereinafter provided." Section 2 provides: "No taxicabs shall be operated on the streets of the City of Athens unless and until the City Council of the City of Athens has issued a permit for the operation thereof." Section 17 provides: "Any person, firm or corporation violating a provision or provisions of this ordinance shall, upon conviction, be fined not exceeding $200, or be imprisoned for a period of not more than 30 days, or both, for each and every offense, in the discretion of the court." Other provisions of the ordinance prescribed regulations and requirements for the licensing of taxicabs, qualifications for drivers, requirements as to age, character, health and ability, and the issuing of a special chauffeur's license to each driver by the chief of police. The chief of police was charged with the duty of investigating and determining the moral character and fitness of the applicant, his knowledge of the provisions of the ordinance and of traffic regulations, and it was provided that, if the applicant properly qualified in these respects, the chief of police should issue him a chauffeur's permit. The ordinance also required the furnishing of a liability policy for the protection of passengers and the public and contained provisions as to the vehicles to be used. It was alleged that on August 7, 1946, the petitioner applied to the defendants at their regular monthly meeting for a permit to operate taxicabs upon the public streets of the City of Athens under the name of "Veterans CabCompany," and that at such meeting the petitioner was denied a permit by a vote of five to three. No objection was made by anyone at such meeting that the petitioner had not complied with or could not comply with all the requirements *Page 337 
set forth in the ordinance. On October 9, 1946, the petitioner again applied to the defendants for a permit, which was denied by a vote of seven to two. The petitioner has obtained the policy of liability insurance required by the ordinance, and the defendants did not refuse him a permit upon the ground that he had not complied with this requirement. The petitioner has obtained from the chief of police the chauffeur's permit, as required by the ordinance, showing that he is of good moral character and qualified to operate a motor vehicle upon the streets of the City of Athens, and the defendants did not deny him a permit to operate a taxicab upon the ground that he had not complied with this requirement. The petitioner has a suitable vehicle for operation as a taxicab, and the defendants did not deny him a permit upon the ground that this vehicle was unsuitable. He has tendered to the Clerk of the Mayor and Council of the City of Athens the license fee placed on operators of taxicabs, and the defendants did not deny him a permit because of failure to pay the required license fee. The defendants denied the petitioner a permit without legal justification or excuse. Their action in denying the petitioner a permit was arbitrary, illegal, and capricious, and constituted a gross abuse of discretion. Because of the denial of the said permit, the petitioner is denied the right to pursue his chosen livelihood and suffers pecuniary loss for which he can not be compensated in damages. By refusing him a permit the defendants deprived the petitioner of the equal protection of the laws in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States, denied him impartial and complete protection of the laws in violation of article 1, section 1, paragraph 2 of the Constitution of the State of Georgia, Code, § 2-102, and denied him due process of law in violation of article 1, section 1, paragraph 3 of the Constitution of Georgia, Code, § 2-103. The prayers were: 1. That a mandamus nisi issue requiring the defendants to show cause why a mandamus absolute should not issue. 2. That a mandamus absolute issue requiring the defendants to issue a permit to the petitioner to operate taxicabs upon the public streets of the City of Athens.
The defendants demurred generally to the original petition and to the petition as amended on the following grounds: 1. The petition does not set forth a cause of action against the defendants. *Page 338 
2. The facts alleged do not entitle the petitioner to the relief sought. 3. The facts set forth do not show directly or indirectly any duty requiring the defendants to perform the acts sought to be enforced against them, nor do they show any right in the petitioner to require the performance of the said acts by the defendants. 4. The defendants demur specially to the allegation that the defendants denied the petitioner a permit without legal justification or excuse, on the ground that the allegation is a mere conclusion of the pleader. 5. The defendants demur specially to the allegation that the action of the defendants in denying the petitioner a permit was arbitrary, illegal, and capricious, on the ground that it is a mere conclusion of the pleader. 6. The defendants demur specially to the allegation that the defendants' denial of the petitioner's application for a permit constitutes a gross abuse of discretion, on the ground that it is a mere conclusion of the pleader.
The defendants filed an answer, admitting in substance the allegations as to the petitioner's compliance with the requirements of the ordinance for the issuance of a permit, but denying the allegations that they acted without legal justification or excuse, that their action in denying a permit was arbitrary, illegal and capricious, constituted a gross abuse of discretion, and that because of their denial of a permit the petitioner has been denied his right to pursue his chosen livelihood and suffers pecuniary loss for which he can not be compensated in damages. They set up: that the ordinance does not take away their discretion in the issuance of permits to operate taxicabs upon the streets of the City of Athens and does not authorize an applicant to begin operation, as a matter of right, without a permit, the granting of which is always in the discretion of the defendants; that, at the meeting at which a permit was denied the petitioner, no objections were expressed vocally, but that in denying the permit the defendants acted within their lawful power in exercising their discretion as they did, and it was their legal duty to do so; that the grant of a permit by the defendants in their discretion is required before the deposit of a liability-insurance policy; that, while admitting that the petitioner has a chauffeur's license, the issuance of such has no bearing whatsoever upon the question of granting the petitioner a permit to operate a taxicab, the grant of which is purely a matter *Page 339 
within their discretion; that, until a permit has been granted him, the Clerk of the Mayor and Council could not accept a license fee from the applicant for a permit; that the grant of a permit to operate a taxicab upon the streets of the city is a matter which rests solely in the discretion of the defendants; that the petitioner has no legal right to have a permit issued to him save in their discretion; and that in the exercise of their discretion the defendants have denied the petitioner a permit to operate a taxicab upon the streets of the City of Athens.
The exception here is to the judgment overruling all grounds of demurrer and to the judgment granting a mandamus absolute and reciting that no issue of fact was raised by the pleadings, the plaintiffs in error complaining that the case should have been submitted to a jury.