ATLANTA VETERANS TRANSPORTATION INC. *v.* JENKINS, Chief of Police.

CANDLER, Justice. 1. "Individuals do not have the inherent right to conduct their private businesses in the streets of a city. A city can prohibit the owners or operators of taxicabs and buses from transporting passengers for hire in such vehicles upon the streets of the city. The transportation of passengers for hire in such vehicles or otherwise is a privilege which the municipality can grant or withhold. As the owners or operators of taxicabs or jitney-buses have no right to transport passengers for hire on the streets of the city, and as the city can prohibit wholly or partially the conduct of such business in its streets, if the city sees fit to grant permission to individuals to conduct such business in its streets it can prescribe such terms and conditions as it may see fit, and individuals desiring to avail themselves of such permission must comply with such terms and conditions, whether they are reasonable or unreasonable. *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861)." *Clem* v. *LaGrange,* 169 *Ga.* 51 (4) (149 S. E. 638, 65 A. L. R. 1361).
2. "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. The same rule is likewise applicable in quasi-criminal proceedings. *Starnes* v. *Atlanta,* 139 *Ga.* 531 (77 S. E. 381). The pleaded facts in the instant case are not sufficient to take it from under this rule. Properly construed, the petition shows no more than its dissatisfaction with the grant of favors. "The individual cannot complain of discrimination in the grant of favors." *Schlesinger* v. *Atlanta,* supra.

458

3. "Where a court of equity has not jurisdiction, it will not assume jurisdiction for the purpose of inquiring into the constitutionality of a legislative act or the validity of a municipal ordinance." *City of Atlanta* v. *Universal Film Exchanges,* 201 *Ga.* 463 (2) (39 S. E. 2d, 882).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16135. MARCH 19, 1948.

460

*Harris, Henson & Spence,* for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *John E. Feagin,* for defendant.