ASSOCIATED CAB COMPANY *v.* CITY OF ATLANTA *et al.*

No. 16417. November 17, 1948. Rehearing denied November 30, 1948.

*Harold Sheats,* for plaintiff.

*J. C. Savage, J. M. B. Bloodworth, John E. Feagin, J. C. Murphy, Douglas, Evans & Cole,* and *Samuel D. Hewlett,* for defendants.

HEAD, Justice. In *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861), it was said that a city can prohibit totally or partially the transportation for hire of passengers on the streets of the city. The *Schlesinger* case was not a full-bench decision, but the principle there announced has been followed by this court in full-bench decisions. In *Clem* v. *LaGrange,* 169 *Ga.* 51 (149 S. E. 638, 65 A. L. R. 1361), it was said that individuals do not have the inherent right to conduct their private business in the streets of a city, and that the city can prohibit the owners and operators of taxicabs from transporting passengers for hire upon the streets of the city. In *McWhorter* v. *Settle,* 202 *Ga.* 334 (43 S. E. 2d, 247), it was held that: "The transportation of passengers for hire in a taxicab upon the streets of a city is not an inherent right, but a privilege which the municipality, in the exercise of its discretion, may grant or refuse." See also *Atlanta Veterans Transportation* v. *Jenkins,* 203 *Ga.* 457 (47 S. E. 2d, 324).

Counsel for the petitioner (plaintiff in error here) insists that the *McWhorter* case explodes the theory that the operation of taxicabs is a privilege and not a right. This contention is without merit. In the *McWhorter* case the city stipulated by ordinance the "conditions, regulations, and restrictions" for the operation of taxicabs within the city, and it was held that by the passage of such ordinance the city exercised and fixed its discretion as to the licensing of such transportation, and that all persons meeting the requirements of the ordinance would be entitled to engage in the business of operating taxicabs. It was further held that a denial of a license or permit under the facts of the case would amount to a denial of the equal protection of

the law. The rule announced in *Schlesinger* v. *Atlanta*, supra, does not conflict with the holding in *McWhorter* v. *Settles*, supra. The facts of the present case clearly distinguish it from the decision in the *McWhorter* case. In the present case the granting or refusal to grant a license is not involved.

The petitioner has a license to operate taxicabs upon the streets of the City of Atlanta. The petition does not show any curtailment or restriction of this license. It is alleged that the petitioner is prohibited from entering upon the property known as "Atlanta Municipal Airport" for the purpose of transporting passengers from the airport, but it is not alleged that the airport is within the City of Atlanta, or that the petitioner has in any way been denied its right to operate taxicabs under its license upon the streets of the city. It is not alleged that the license granted the petitioner by the city includes the privilege of operating its taxicabs upon the property known as the Atlanta Municipal Airport.

The allegations of the petition that a named employee of the city "has threatened to arrest, lock up, and physically interfere with the plaintiff and its associates and employees, and especially the drivers of taxicabs," do not require the intervention of a court of equity. It is not alleged that the threat of an employee of the city to have the petitioner's employees arrested or interfered with is made under any authority or condition of the contract which the petitioner seeks to have declared unconstitutional and void. If there is an ordinance of the city which would authorize the arrest of employees of the petitioner in the operation of taxicabs on the property known as Atlanta Municipal Airport, it is not shown that such ordinance violates any rights of the petitioner under its license.

Courts of equity will take no part in the administration of criminal laws. They will neither aid the criminal courts in the exercise of their jurisdiction, nor will they restrain or obstruct such courts. Code, § 55-102; *Gault* v. *Wallis*, 53 *Ga.* 675 (4); *Phillips* v. *Stone Mountain*, 61 *Ga.* 387; *Garrison* v. *Atlanta*, 68 *Ga.* 64; *Pope* v. *Savannah*, 74 *Ga.* 365; *City of Atlanta* v. *Universal Film Exchanges*, 201 *Ga.* 463 (39 S. E. 2d, 882); *Atlanta Veterans Transportation* v. *Jenkins*, supra.

The petition, as amended, in the present case does not show an unlawful interference with the rights of the petitioner to carry on its taxicab business upon the streets of the city under its license, and therefore fails to state a cause of action for equitable relief. *Judgment affirmed. All the Justices concur.*