Accordingly the judgment of the court below will be affirmed.

## CO-OP CAB CO. et al. v. SETTLE et al.

### No. 12247.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1948.

Abit Nix, Carlisle Cobb, Jesse T. Middlebrooks and Rupert A. Brown, all of Athens, Ga., for appellants.

John L. Green, James Barrow and F. C. Shackelford, all of Athens, Ga., for appellees.

Before HUTCHESON, McCORD and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Appellants, as plaintiffs, sought an injunction in the Court below against C. H. Settle and the Mayor and Council of the City of Athens, Georgia, to prohibit the operation by the defendant, Settle, of a taxicab on the streets of Athens, and to declare void a resolution of the Mayor and Council of the City granting to the defendant, Settle, a permit to operate such taxicab on the ground that the resolution violated Clause 1 of Section 10 of Article 1, and Section 1 of the Fourteenth Amendment, of the Constitution of the United States.

The appellants alleged that by an ordinance of the Mayor and City Council, which will be referred to herein as the Council, passed in 1940, the Council entered into a contract with appellants granting unto each of them exclusive rights to operate taxicabs for hire on the streets of the City; that in 1946 the application of defendant Settle for a permit to operate taxicabs in the City was several times presented to the Council and denied; that thereafter defendant brought mandamus proceedings in the Superior Court of Clarke County, Georgia, against the Mayor and members of the City Council wherein a final order was entered requiring the respondents to issue a permit to the Relator, Settle. On appeal that judgment was affirmed by the Supreme Court of Georgia. McWhorter, Mayor, et al. v. Settle, 202 Ga. 334, 43 S. E.2d 247. The Mayor and Council, "defeated but undismayed" by the judgments of the Superior and Supreme Courts, continued to refuse to issue the permit until they were face to face with contempt proceedings brought by Settle in the Superior Court, whereupon the Mayor and Council passed a resolution granting to Settle the long-sought permit. In neither of the proceedings in the State Courts were Co-Op Cab Company and Eveready Cab Company, appellants in the present case, made parties by name and brought in by process. Nevertheless, the lower Court found, with ample evidence in support, that the cases against the Mayor and the Council were in each instance defended by some of the attorneys for appellants in the present case. Thus a perfect case of collateral estoppel is presented.[1]

After the proceedings in the State Courts went against them, appellants, with heads "bloody but unbowed", repaired to the Federal Court for injunction and declaratory relief in the present proceeding. There the lower Court reached the following conclusions: "The contract or franchise granted to the plaintiffs, insofar as its purported exclusive rights provisions is concerned, is without legal force and effect. Constitution of Georgia, (1877) art. 4, Sec. 2, Par. 4. City of Waycross v. Caulley, 163 Ga. 372, 136 S.E. 139, and citations. See also dictum of Chief Justice Russell in South Georgia Power Co. v. Baumann, 169

---

[1] Cf. Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 120 F.2d 82, 139 A.L.R. 1.

Ga. 649, 653, 151 S.E. 513. For recent expression of public policy, see Georgia Constitution (1945) art. 4, Sec. 4, Par. 1.

\* \* \* \* \* \*

"I think plaintiff, Co-Op Cab Company, is bound by the decree in the mandamus proceeding. It is true it was not a formal party in the case, but it had full knowledge, and an active interest in the litigation. It furnished and paid its own counsel to defend the defendant City. The issues here could have been raised in the proceeding. \* \* \*

\* \* \* \* \* \*

"It may fairly be said that Co-Op, in substance, adopted the State Court litigation for the protection of its contract and franchise, and relied on sustaining the City's refusal to grant Settle a franchise. I think Co-Op is bound by the consequences. Executive Committee of the Baptist Convention et al. v. Smith et al., 175 Ga. 543–545, 165 S.E. 573.

\* \* \* \* \* \*

"(a) The City is without power and authority, express or necessarily implied, to grant to plaintiffs an exclusive contract or franchise, and so much of their contract or franchise as purports to do this is without legal force and effect;

"(b) The resolution of July 1, 1947, granting defendant Settle a permit to operate taxicabs is within the charter powers of the City, and is within the purview of its ordinance of 1935, regulating the operation of taxicabs in the City of Athens;

"(c) The judgment and decree of the State Courts is the law of this case as to defendant Settle's right to a permit, and, under the facts and circumstances here, the plaintiff, Co-Op Cab Company, and defendant City are bound by it;

"(d) The complaint as a whole does not set forth a claim upon which relief can be granted against either of the defendants, nor does the evidence authorize any relief against either of the defendants."

For the reasons so assigned and those set out in the opinion of the Supreme Court of Georgia in McWhorter, Mayor, et al. v. Settle, supra, the judgment of the lower Court should be, and the same is hereby,

Affirmed.