CITY OF MARIETTA *v.* HOWARD.

No. 17728. ARGUED JANUARY 15, 1952—DECIDED FEBRUARY 11, 1952.

720

*S. S. Edwards Jr.*, for plaintiff in error.
*Luther Hames Jr.*, contra.

DUCKWORTH, Chief Justice. An erroneous interpretation of Code (Ann. Supp.) § 84-2011 (Ga. L. 1897, p. 24; 1898, p. 46; 1918, p. 116; 1919, p. 91; 1935, p. 163; 1947, p. 1151) upon the part of the petitioner is the cause of this litigation. That law purports only to relieve the persons there described from paying any fee to cities, towns, or counties for the right to engage in business. It also provides that a certificate from the ordinary shall be proof that he is exempt from paying any fee to any city, town, or county. The law stops there, but this petitioner seems to have construed it to constitute a denial of any power of such subordinate governmental units to regulate businesses that require close policing. The law relied upon neither expressly nor by implication takes away the police powers of towns, cities, or counties. *McKinney* v. *Patton*, 176 *Ga.* 719 (169 S. E. 16). Indeed the City of Marietta may prohibit altogether the use of its streets for the conduct of a taxicab business, since no one has a right to do so. *Schlesinger* v. *Atlanta*, 161 *Ga.* 148 (129 S. E. 861); *Clem* v. *City of LaGrange*, 169 *Ga.* 51 (149 S. E. 638); *Jones* v. *City of Moultrie*, 196 *Ga.* 526 (27 S. E. 2d, 39); *City of Dalton* v. *Staten*, 201 *Ga.* 754 (41 S. E. 2d, 145); *Associated Cab Co.* v. *City of Atlanta*, 204 *Ga.* 591 (50 S. E. 2d, 601). Until and unless the city enacts a valid ordinance conferring a right upon anyone meeting specified conditions to operate a taxicab business upon its streets, neither this petitioner nor anyone else

has any right to do so. The ordinance in evidence here plainly refuses to confer such a right but reserves to the city the power to exercise its discretion, at the time all applications for such license are considered, to grant or refuse the same. Thus, by ordinance, the city refuses to confer a right to operate taxicabs and keeps it on a basis of a privilege. Being a mere privilege, the city may grant it or refuse to grant it as it chooses, and no one has a right to complain in court because of the city's actions in that respect. *McWhorter* v. *Settle*, 202 *Ga.* 334 (43 S. E. 2d, 247); *Atlanta Veterans Transportation* v. *Jenkins*, 203 *Ga.* 457 (47 S. E. 2d, 324); *City of Brunswick* v. *Anderson*, 204 *Ga.* 515 (50 S. E. 2d, 337).

Counsel for the petitioner strongly contends that his position here is sustained by the decision in *Macon* v. *Samples*, 167 *Ga.* 150 (145 S. E. 57). That decision is no support for the petitioner's contentions here, for the very solid reasons that the city, in spite of Code (Ann. Supp.) § 84-2011, was there demanding payment of a license fee, while here no fee is demanded, but the city stands upon its right to exercise its police power unhampered by the State law, and we sustain that contention. Moreover the decision there does not have the concurrence of all the Justices, and for that reason is not a binding precedent. We are not advised as to whether or not the city there had by ordinance conferred a right to operate taxicabs on its streets unconditionally. Here no such right has been conferred. The privilege by grace of the city may be given upon such conditions as the city chooses, which might be the payment of a fee, and those conditions including the fee must be fully satisfied without regard to the State law (Code, Ann. Supp., § 84-2011), which refers to rights only and not to privileges.

For the reasons above pointed out, the court erred in the judgment overruling the demurrer to the petition; and even had it alleged everything shown in the evidence on which the interlocutory injunction was issued, it would still have failed to allege a cause of action. The error in overruling the demurrer rendered all subsequent proceedings, including the injunction, nugatory.

*Judgment reversed. All the Justices concur, except Wyatt, J., who concurs in the judgment, but not in all that is said in the opinion.*