22270. EASON v. DOWDY, Mayor, et al.

SUBMITTED NOVEMBER 13, 1963—DECIDED JANUARY 10, 1964.

*Joseph E. Loggins,* for plaintiff in error.

*Thomas J. Espy, Jr.,* contra.

HEAD, Presiding Justice. Henry Eason brought a petition for mandamus against the Mayor & Council of the City of Summerville, seeking to require them to issue him two taxicab permits and licenses. Attached to the petition as an exhibit was a copy of the ordinance dated February 11, 1954, under which persons are authorized to obtain permits and licenses to operate taxicabs on the streets of the city. Also attached as exhibits were copies of the applications of the petitioner for permits and licenses, and the minutes of the city council dated August 12, 1963.

Where a city by ordinance has prescribed the conditions, regulations, and restrictions for the operation of a taxicab within the city, instead of providing for the issuance of a permit subject to the discretion of the governing authorities to be exercised at the time of the consideration of the application for permit, all persons complying with the requirements of the ordinance are entitled to engage in such business, and may enforce this right by the writ of mandamus. *McWhorter v. Settle,* 202 Ga. 334 (43 SE2d 247); *Associated Cab Co. v. City of Atlanta,* 204 Ga. 591, 593 (50 SE2d 601). "Where a city ordinance providing for the issuance of licenses to operate taxicabs authorizes the mayor and council to grant or refuse a license in their discretion, the courts will not control their discretion by the writ of mandamus." *Rogers v. Carr,* 203 Ga. 594 (47 SE2d 813); *City of Marietta v. Howard,* 208 Ga. 719 (69 SE2d 246). If a city chooses to grant permission to individuals to conduct a taxicab business in its streets, "it can prescribe such terms and conditions as it may see fit, and individuals desiring to avail themselves of such per-

mission must comply with such terms and conditions, whether they are reasonable or unreasonable." *Clem v. City of LaGrange,* 169 Ga. 51 (4) (149 SE 638, 65 ALR 1361); *Atlanta Veterans Transportation, Inc. v. Jenkins,* 203 Ga. 457 (47 SE2d 324).

The ordinance of the City of Summerville providing for the operation of taxicabs prescribes regulations governing the issuance of licenses and permits, and the only discretion reserved to the mayor and council is that found in section 3, which is as follows: "Chauffeur's permits and business licenses issued by the Mayor and Council for the operation of taxicabs shall be nontransferable and the Council may, in its discretion, refuse to issue a chauffeur's permit or license to engage in the taxicab business if the application contains any false statement, if the applicant has been convicted of a crime and, in cases of partnerships or corporations, if any of the partners or stockholders have been convicted of a crime." In his applications for permits and licenses, on the line directing: "State Criminal record, if any," the petitioner stated: "Minor offenses—Misdemeanors." The word "crime" in its generic sense comprehends all penal offenses. *Pearson v. Wimbish,* 124 Ga. 701, 708 (52 SE 751, 4 AC 501). Thus the governing authorities of the City of Summerville, under the applications of the petitioner, had a discretion in allowing or refusing licenses and permits to him to operate taxicabs.

It is contended by the petitioner that the defendants did not refuse his applications on the basis of their discretionary power under section 3 of the ordinance. The minutes of the meeting of the mayor and council of August 12, 1963, do not indicate that the petitioner's applications were denied, but rather that they refused to act on applications for taxicab licenses and permits until a new ordinance could be adopted.

Under the ordinance in existence at the time of the petitioner's applications, he did not have an absolute right to have his applications granted, but the defendants had a discretion to allow or refuse his applications. "Where an officer is vested with discretion, the courts will not by mandamus direct in what manner he shall exercise that discretion." *Thomas v. Ragsdale,* 188 Ga. 238, 243 (3 SE2d 567). The most that the petitioner could re-

quire would be that the defendants exercise their discretion under section 3 of the ordinance. The petition did not state a cause of action for the issuance of a mandamus absolute to require the defendants to issue taxicab licenses and permits to the petitioner, and the trial judge properly sustained the general demurrer of the defendants.

*Judgment affirmed.  All the Justices concur.*