## 27872. CITY OF HAWKINSVILLE et al. v. WILSON & WILSON, INC.

INGRAM, Justice. This is an appeal from the grant of a mandamus absolute. The commissioners and city clerk of Hawkinsville were ordered by the trial court, after a hearing, to issue to the appellee a business or license tax certificate upon payment of the required tax due the city under its ordinance. From this judgment and other ancillary rulings, certified for review, the city and other defendants have appealed to this court. *Held:*

1. The City of Hawkinsville ordinance in question states in pertinent parts that it assesses a tax against all persons, firms or corporations engaging in any business, trade, calling or profession in the city, and provides procedures and penalties to require compliance with registration under the ordinance and payment of the prescribed tax. Section XIII provides: "Upon the payment of the taxes assessed hereby, it shall be the duty of the clerk of the City of Hawkinsville to issue to each person, firm, or corporation, a business tax certificate . . ." The ordinance contains no provision to regulate the various businesses except to collect a tax for their operation within the city. Thus, the ordinance is properly characterized as a tax ordinance since its functional design was to produce revenue rather than to regulate these businesses under the police power of the city. See *Pharr Road Inv. Co. v. City of Atlanta,* 224 Ga. 752 (1) (164 SE2d 803).

2. The action taken by the commissioners of the city authorizing the issuance of the business or license tax certificate to the appellee only upon its compliance with certain specified conditions, in addition to payment of the tax provided by the ordinance, exceeded the lawful authority of the board of commissioners of the city. The appellee's business was a garage business which had been operated in a residential neighborhood but had caused some complaints to the city authorities and they sought to handle these through regulation of the location and hours of the appellee's continued business operation. As observed by counsel for the appellants in his brief, "the ordinance *fixes the license tax only* and sets no standards or conditions for issuance." The trial court correctly ruled that "The city authorities have no authority to impose conditions upon the grant of certificate under this ordinance and they are not vested with any discretion to grant or refuse a license as this would constitute arbitrary power not conferred upon municipal authorities. *Peginis v. City of Atlanta,* 132 Ga. 302 (63 SE 857)."

The only condition precedent to the issuance of the business or license tax certificate here was payment of the specified tax. Upon its payment, a duty arose, under the plain provisions of the ordinance, for the issuance by the city clerk of the certificate and no discretion was reserved by the city commissioners to interfere with the clerk's duty to issue the certificate. The cases of the *City of Marietta v. Howard,* 208 Ga. 719 (69 SE2d 246), and *Eason v. Dowdy,* 219 Ga. 555 (134 SE2d 788), cited by appellants in their brief are not applicable to the facts of this case. Cp. *City of Decatur, v. Fountain,* 214 Ga. 225 (104 SE2d 117) and *McWhorter v. Settle,* 202 Ga. 334 (43 SE2d 247) cited in the briefs of both sides, for the applicable rules of law regarding the mandamus relief sought in this case. The City of Hawkinsville has authority under its charter both to tax businesses and to regulate them. However, as observed by the trial court in its well reasoned opinion on the issues in this case: "Thus, while under the police power of the City of Hawkinsville there may be an untapped source of authority to regulate details of the operation of a lawful business, a consideration of what might be done under a properly worded licensing ordinance is inappropriate here because only a taxing ordinance is before the court in this case. It may be well to note that even in the case of licensing ordinance, to be valid the conditions would have to be within the police authority of the municipality, would have to be a reasonable and unoppressive exercise of such power, would have to be written with sufficient specificity to apprise all parties concerning the prohibited conduct and required conditions, and would have to apply uniformly to all persons and firms concerned. Compare Lawton v. Steele, 152 U. S. 133 (14 SC 499, 38 LE 385)."

3. The remaining principal question for decision is whether the appellee can pursue its claim for damages against the appellants for wrongful denial of the business or license tax certificate to the appellee. Officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers, if done oppressively, maliciously, corruptly, or without authority of law. Code § 69-208. Malice may consist in personal spite or in general disregard of the right consideration of mankind, directed by chance against the individual injured. Code § 105-1002. Furthermore, one who procures or assists in the commission of an actionable wrong is equally liable with the actual perpetrator for the damages. Code § 105-1207. As noted by the trial court in

its order, "it seems clear that the defendant commissioners would be liable in damages if two conditions are met, namely that they acted contrary to a non-discretionary, ministerial duty and that they acted with malice. Whether these conditions are met will depend upon a trial with the plaintiff having the burden of proof. Since a conspiracy is alleged as to the defendant city clerk and city attorney, final trial will also have to resolve whether they knowingly joined a malicious denial of plaintiff's rights in the premises. Further, punitive damages are authorized in this state in the case of all malicious torts." However, the city itself may not be sued for damages under the facts of this case. In the adoption of the ordinance in question, the city was acting in the exercise of a governmental function, and of a part of its public powers under the charter granted to it by the General Assembly of Georgia. It has sovereign immunity from tort liability in this area of its corporate life and the fact that its officers may have wrongfully denied appellee a certificate under the ordinance, exposing them to liability, does not change the character of the ordinance function so as to authorize damages against the city. Code § 69-301; *Bond v. City of Royston,* 130 Ga. 646 (61 SE 491).

4. The trial court conducted a full hearing and entered a 16-page order discussing the issues and ruling on some while leaving others for subsequent determination. The remaining rulings of the trial court, which are not specifically discussed herein, are considered to be secondary to the principal issues covered in this opinion. Each of these rulings has been considered and it is sufficient to observe that we agree with these determinations and affirm the judgment of the trial court except for that portion of its order which holds the city liable for damages in this case.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Nichols and Gunter, JJ., who concur in the judgment only.*

ARGUED MAY 14, 1973 — DECIDED SEPTEMBER 20, 1973.

*Walter E. Baker, Jr.,* for appellants.
*Charles Marchman, Jr.,* for appellee.