## HILL *v.* SMITH.

Under the evidence adduced upon the interlocutory hearing of the application for injunction, the trial judge did not err in dissolving the temporary restraining order and in refusing an injunction.

No. 3685.   JANUARY 16, 1924.

Petition for injunction.   Before Judge Hardeman.   Emanuel superior court.   March 2, 1923.

*Dorsey, Brewster, Howell & Heyman* and *Mark Bolding,* for plaintiff.

*A. S. Bradley* and *Phillips & Abbot,* for defendant.

RUSSELL, C. J.   Ira Hill filed a petition seeking to enjoin H. R. Smith from proceeding to sell a certain tract of land under a power of sale contained in a loan deed executed by the petitioner to said Smith on November 15, 1921.   It is alleged in the petition that the purpose of the petitioner in executing the deed, and the contemporaneous note for the sum of $15,000 was to obtain $15,000 in money from the defendant, but that in fact he did not receive said $15,000 or any part thereof; and that although Smith accepted and retained the note and deed, he did not pay the $15,000 or any part thereof to the petitioner, and that for that reason the deed is without consideration and null and void.   It is further set forth in the petition, that, notwithstanding the aforementioned fact, the defendant is proceeding to sell the 1,000 acres of land described in the deed, which is alleged to be worth approximately $50,000, while, even if the loan deed was valid and enforceable, it is not necessary for the defendant to sell the entire 1,000 acres to pay the $15,000 and interest and expenses.   The petitioner

therefore prayed, among other things, that the defendant be permanently enjoined from selling the land or any portion thereof; that the note and deed be declared null and void and of no effect; and that both be delivered up to the petitioner to be canceled. The judge of the superior court granted a temporary restraining order, and enjoined the sale as advertised for the first Tuesday in January, 1923, and granted a rule nisi requiring the defendant to show cause, on February 3, 1923, why the prayers of the petition should not be granted. Upon the interlocutory hearing, after hearing evidence for both parties, the judge reserved his decision until February 24, when an order was passed dissolving the temporary restraining order and refusing the injunction prayed for; and to this judgment the plaintiff in error excepted.

In the state of the record it cannot be said that the trial judge erred in dissolving the restraining order and refusing the injunction. There is ample evidence to show that the plaintiff executed the note and deed to secure it, with full knowledge that his uncle, G. H. Williams, who was president of the Jefferson County Bank, of Wadley, Georgia, wished to obtain the proceeds of the loan for the benefit of that bank. It appears without contradiction that Williams had endeavored to borrow $15,000 for that bank from H. R. Smith, the defendant in error, who was an old friend and acquaintance. The bank was in urgent need of funds, and Williams, as president, offered to secure Smith with collateral in the form of notes payable to the bank in an amount far in excess of the loan; but Smith absolutely refused to lend the money upon this security. Later Williams again tried to borrow $15,-000 for the bank from Smith, and told him he could get his nephew, Ira Hill, the present plaintiff, to deed to Smith a named plantation consisting of 1,000 acres to secure his, Hill's, note for the $15,000 desired. Smith was well acquainted with this plantation, which had previously belonged to Williams and which Williams the year previous had conveyed to Hill by a voluntary deed of gift; and Smith was willing to lend the money to Hill upon his note with a security deed to the plantation. Accordingly Williams, in company with Overstreet and Garlick, went to Augusta to see Hill, and the urgent need of the Jefferson County Bank for money was explained to him by his uncle, Williams, and he was informed that if he would make the deed and note required

by Smith the latter would advance $15,000, which would be immediately available to meet the urgent situation. Hill was quite reluctant to make the note and deed, but concluded by saying that as his uncle had given him the property he might take it and use it as he pleased. Hill accordingly executed the note and deed in question and delivered them to Overstreet, who, after having the deed recorded, delivered the note and deed to Smith with instruction that the latter should have the sum of $15,000 telegraphed to the Atlanta National Bank for the credit of the Jefferson County Bank; and this was done by Smith, and the money was received by the Atlanta National Bank. There is a conflict between the evidence of Hill and Overstreet as to whether Overstreet received instruction from Hill as to the disposition of the money. Hill testified that he gave the note and deed to Overstreet to give to Smith, but that the $15,000 was to be conveyed to him, and that he never received any notice that the note and deed had in fact been delivered to Smith until the Jefferson County Bank failed. Overstreet testified that he was instructed by Hill to deliver the note and deed to Smith for the purpose of having the money placed to the credit of the Jefferson County Bank, as was done.

In the order of the trial judge refusing the injunction the court states that "the questions raised by the petition and answer may be settled without reference to any disputed question of fact, and in fact may be settled from these undisputed facts, on principles of law, concerning which there can be no question." The plaintiff in error thereupon argues the case from the standpoint of the undisputed evidence, contending that the undisputed evidence does not authorize the judgment rendered by the court. It is a principle so ancient and well settled that a correct decision of a trial court will not be reversed, even though a judge may give a wrong reason for his judgment, that we cannot concur in the position assumed by learned counsel. The question before this court is whether the court erred in refusing an injunction, and this must depend upon the consideration of all of the evidence before the court. After a careful review of the entire testimony we are satisfied that it would have been error to grant an injunction; and therefore the judgment refusing the injunction must be

*Affirmed. All the Justices concur.*