CATHCART VAN AND STORAGE COMPANY *v.* CITY OF ATLANTA *et al.*

No. 7456. JANUARY 18, 1930.

*Burress & Dillard, Bond Almand,* and *McElreath & Scott,* for plaintiffs.

*J. L. Mayson, C. S. Winn, J. C. Savage,* and *Augustine Sams,* for defendants.

GILBERT, J. On August 24, 1929, Cathcart Van and Storage Company filed against the "City of Atlanta," the "Borough of Atlanta," and "Atlanta," a petition alleging that it is engaged in the business of hauling and moving for other persons household and kitchen furniture, wares, and merchandise; that it is not engaged in moving "persons;" that a large number of persons in the City of Atlanta change their places of abode on or about September 1st, and petitioner has at that time and for some time thereafter a large amount of hauling, which is required to be done

immediately when ordered by customers; that by the act of the General Assembly approved July 27, 1929 (Ga. Laws 1929, pp. 818, 820-21), portions of the charter of the City of Atlanta as codified in sections 1322, 1323, and 1324 of the City Code of 1924, were so amended as to require persons engaged in moving "persons" to obtain "a permit from the city clerk" therefor; that applications for such permits must be "filed with the city clerk not less than three days prior to making such transfer" and application made for a permit for such removal; the payment of a fee of twenty-five cents to the clerk for the issuance of the permit, and imposing a penalty by fine of $50 or work for thirty days upon the streets of the city, either or both, in the discretion of the recorder; that the city clerk had notified petitioner by letter "that defendants intended to enforce said provisions of said charter by prosecuting any offender, and calling attention" to the provisions of the act mentioned; that if petitioner has to apply for a permit and then wait for three days before doing the moving and hauling for its customers, tremendous trouble, annoyance, inconvenience and confusion would be caused to these customers; that they would in many instances transfer their property themselves rather than wait for petitioner to comply with the terms of the act, that they are threatening to so move their goods themselves, and that compliance with the act by petitioner would result in inestimable and irreparable damage to the business of petitioner; that defendants are threatening to arrest, fine, and imprison petitioner's agents and employees unless they comply with the provisions of the charter stated. The prayer is for injunction restraining the defendants from enforcing the provisions of the act by arrests. It is alleged that the act is in conflict with certain designated portions of the State constitution; that it is not an exercise of the police or taxing power of the defendant; and that it is unjust, discriminatory, unwarranted, and illegal in specified particulars.

No express ruling appears to have been made upon a demurrer to the petition. The answer of the defendants denies the material allegations of the petition, and, with reference to the allegation that petitioner had been informed of the intention to enforce the provisions of the act, sets up the following: "The charter amendment will be enforced by the city, but, so far as these defendants are informed, it has no knowledge of any threats to arrest and im-

prison petitioner's agents and employees. On the contrary, if said ordinance is enforced a summons will be served upon plaintiff or its agents and employees, and it will be given an opportunity to appear and defend same, all of which is done without the arrest or imprisonment of petitioner's agents or employees."

A court of equity should not exercise its extraordinary powers where there is no grave danger of impending injury. Bare fears of injury will not authorize such action. *Elam* v. *Elam*, 72 *Ga.* 162 (2). "Injunction is extraordinary process, and the most important one which courts of equity issue. It is well denominated 'the strong arm of equity.' The writ 'is not an ex debito justitiæ for an injury threatened or done to the estate or rights of a person; but the granting [of] it must always rest in sound discretion, governed by the nature of the case.' Enfield Toll Bridge Co. *v.* Conn. River Co., 7 Conn. 50. As is said in another case: 'Injunction is not of right but of grace; and to move an upright chancellor to interpose this strongest arm of the law he must have not a sham case, but a well-grounded complaint, the bona fides of which is unquestioned.' Sparhawk *v.* Union Pass. Ry. Co., 54 Pa. 454. 'There is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or [is] more dangerous in a doubtful case, than the issuing [of] an injunction.' Bonaparte *v.* Camden & A. R. Co., Bladw. 218 Fed. Cas. No. 1617." Cullman Property Co. *v.* Hitt Lumber Co., 201 Ala. 150 (77 So. 574, 577). "Courts of equity will not exercise this power to allay mere apprehensions of injury, but only where the injury is imminent and irreparable." 14 R. C. L. 321, § 20. "Injunction ought not to be granted unless the injury is pressing and the delay dangerous, and there is no adequate remedy at law." Goodrich *v.* Moore, 72 Am. D. 74. Under the pleadings and the evidence in this case it is obvious that there is no basis for the exercise of equity jurisdiction. The plaintiffs have in no way been molested by arrest or otherwise. It appears that the petitioners produced on the trial a letter from the city clerk, in which petitioner was informed that the city "intends to enforce said provisions of said charter by prosecuting any offender." It is not shown why this letter was written, whether in response to an inquiry by the petitioners, or at the instance of the municipal authorities. In any view the letter adds nothing

to the weight of the petitioner's case. The letter merely states that which, without it, every citizen must have known, that is, that the law would be enforced. That duty is compulsory upon city officials,. so that the letter carried no new information to the petitioner. On the contrary, the answer of the city shows that the city had no intention of making any arrest, but at the proper time, in accordance with due process of law, the authorities of the municipality would have served the petitioners with a summons. This in no wise would have jeopardized the liberty of the petitioners, but would have merely pursued the method of performing a public duty resting upon municipal authorities. When served with such notice, the law afforded a means of attacking its constitutionality. The case has been prematurely brought by the petitioners merely for the purpose of testing the law before anything has occurred affording basis for a resort to the strong arm of equity jurisdiction. Under the circumstances enumerated above, the court did not err in refusing to enjoin the city.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*