GEORGIA PUBLIC-SERVICE COMMISSION *et al. v.* PARCEL DELIVERY COMPANY.

No. 9259. SEPTEMBER 13, 1933.

*Lawrence S. Camp, attorney-general,* and *John I. Kelley* and *W. K. Meadow, assistant attorneys-general,* for plaintiff in error.

*Douglas, Douglas & Andrews,* contra.

BECK, P. J. Parcel Delivery Company brought a petition in which it attacked the constitutionality of the motor-carrier act of 1931 (Georgia L. Ex. Sess. 1931, pp. 99-114), and prayed that the Georgia Public-Service Commission and the members thereof be enjoined from enforcing the provisions of the act and from enforcing the rules and regulations of the commission made in accordance with the act against the Parcel Delivery Company, and from requiring that company to submit to the jurisdiction of the commission; and to enjoin the commission from instituting criminal prosecution against the drivers of the trucks operated by the company; and that the commission and the members thereof be enjoined from interfering with the business of the company; and that they be enjoined from collecting any fees for the issuance of certificates and licenses for its trucks, etc. The petition alleges that the defendants have threatened to institute criminal proceedings against the drivers of petitioner's trucks, and have threatened to have the drivers arrested and prosecuted under the provisions of the act referred to. Upon the trial of the case the president of the Parcel Delivery Company testified that an agent of the Public-Service Commission, acting on behalf of the commission, did threaten to arrest and institute criminal proceedings against the drivers of the trucks of the company, unless the company complied with the provisions of the act referred to, and that this agent threatened prosecution of the drivers of the company's trucks unless the company complied with the rules and regulations of the Public-Service Commission. The judge hearing the case granted an interlocutory injunction, and the defendants excepted.

Under the pleadings and the evidence, this case falls within the ruling in *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489) ; and it follows from the principles laid down that the court erred in granting the injunction. See also *Southern Oil Stores Inc.* v. *Atlanta,* post, 602.

*Judgment reversed. All the Justices concur.*