602

Atkinson, J. The allegations of the petition in its entirety, especially in view of paragraph 19 thereof, considered in connection with the prayer for injunction, bring the case within the principle applied in *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489), in which it was held: "Where suit is filed in a court of equity, seeking to enjoin the enforcement of a provision of a municipal charter on the ground that such provision is unconstitutional, and where it appears that no arrest has been made, no property levied upon, and no other interference with the person or the property rights of the petitioner, but that the petition is based upon a mere apprehension that such may be done by the municipality, it is proper to refuse an interlocutory injunction." See also *Georgia Public-Service Commission* v. *Parcel Delivery Co.,* ante, 600.

(*a*) The case differs, on its facts, from *Baldwin* v. *Atlanta,* 147 *Ga.* 28 (92 S. E. 630); *Upchurch* v. *LaGrange,* 159 *Ga.* 113 (125 S. E. 47); *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (154 S. E. 145); and a different judgment is not required by the rulings in either of those cases.

(*b*) Accordingly the judge did not err in sustaining the demurrer and in dismissing the action.    *Judgment affirmed. All the Justices concur.*

No. 9321. September 13, 1933. Rehearing denied September 23, 1933.

*Ralph R. Quillian* and *Dillon, Calhoun & Dillon,* for plaintiffs.
*J. L. Mayson, C. S. Winn, J. C. Savage,* and *C. H. Mathews,* for defendants.

ROGERS, guardian, *v.* CARTER; *et vice versa.*

ATKINSON, J. 1. "To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery· of the article given, or some act accepted by the law in lieu thereof." Civil Code, § 4144. "If the donation be of substantial benefit, the law presumes the acceptance, unless the contrary be shown. A parent, guardian, or friend may accept for an infant. The officers of a· corporation accept for it." § 4145. *Burt* v. *Andrews,* 112 *Ga.* 465 (37 S. E. 726). It was held in *Knight* v. *Jackson,* 156 *Ga.* 165 (2) (118 S. E. 661): "Where a client directed her attorney to pay over all moneys which he might collect on a judgment, which he had obtained against her debtor, to her nephew or to his guardian when appointed, and where, after the attorney had collected the money due on this judgment, the client directed the attorney to hold the same for her nephew and to deliver this money to him or his guardian as soon as one should qualify, stating that she had already given this money to the nephew, and where the client died before the attorney had paid over these funds to the nephew or to his guardian, there was no valid gift of this money by the client to her nephew, for lack of delivery of the subject-matter of the gift to the donee." See also *Helmer* v. *Helmer,* 159 *Ga.* 376 (125 S. E. 849, 37 A. L. R. 1137). Applying the principles stated above, the allegations of the petition as amended did not charge a completed gift of the bonds, and the judge erred in overruling the general demurrer. All further proceedings were nugatory.

2. "When the Supreme Court has before it both a main bill of exceptions and a cross-bill of exceptions, and the latter presents a question which