COX *v.* LINDER, commissioner.

No. 13466. MARCH 21, 1941. REHEARING DENIED APRIL 2, 1941.

*Howard, Henson & Howard* and *George N. Murdock,* for plaintiff.

*Ellis G. Arnall, attorney-general, Duke Davis, E. J. Clower,* and *C. E. Gregory Jr., assistant attorneys-general,* for defendant.

REID, Chief Justice. The plaintiff does not, in our opinion, make out such a case of present or impending injury to his legal rights as would authorize a court of equity to intervene in his behalf by process of injunction. The case made, when viewed most strongly against him, is hardly more than this: He desires to sell and establish a clientele in this State for a product known as Richwhip and to that end he has entered into a sales contract with the manufacturer of such product and actually has on hand a quantity thereof of the approximate value of $500, but before proceeding to sell Richwhip or offer it for sale he desires a judgment declaring Code § 42-511 with its concomitant misdemeanor penalty (Code, § 42-9913) unconstitutional in so far as it may apply to this product. This adjudication is sought upon the basis of a prayer, in substance, that the defendant be enjoined "from interfering in any manner with the distribution and sale by plaintiff of said product in the State of Georgia." The plaintiff does not expressly allege that he owns the quantity of Richwhip alleged to be on hand, or that, if not, he would actually benefit under his contract with the manufacturer by its sale. Nor is any showing made that the defendant has in fact molested the plaintiff or has in anywise sought to interfere with his selling or offering for sale Richwhip, other than to inform him that he would enforce the law, and if and when he or his customers sold or offered such product for sale they would be duly prosecuted, but this is no more than what the plaintiff should have otherwise known, since the duty of enforcing this law is especially enjoined on the defendant by the Code, § 42-603. The

plaintiff shows by his allegations that he has not placed himself in a position so that the statute might be enforced against him. Under such circumstances the effect of the petition is but to seek a declaratory judgment as to the validity of the statute. It seems apparent that the principal concern and apprehension of the plaintiff is in reference to a criminal prosecution under the statute and that this suit arises out of his own reluctance to subject himself to a charge of violating the statute in order to bring it to a complete and decisive test. Under the views expressed the petition stated no cause of action and was properly dismissed on demurrer. See *Cathcart Van &c. Storage Co.* v. *Atlanta,* 169 *Ga.,* 791 (151 S. E. 489) ; *Bowden* v. *Georgia Public Service Com.,* 170 *Ga.* 505 (153 S. E. 42) ; *Georgia Public Service Com.* v. *Parcel Delivery Co.,* 177 *Ga.* 600 (170 S. E. 800) ; *Howard* v. *Briarcliff Zoological Cor.,* 178 *Ga.* 595 (173 S. E. 391) ; *Zaring* v. *Adams,* 188 *Ga.* 97 (3 S. E. 2d, 635). This holding is made without regard to the question of whether if the criminal prosecution were shown to be imminent equity would under the principles of the Code, § 55-102, take jurisdiction. *Judgment affirmed. All the Justices concur.*

ATKINSON, Presiding Justice, is of the opinion that there should be added to the last statement appearing immediately above the following: "As to which no opinion is intimated."