CITY OF ATLANTA *et al. v.* UNIVERSAL FILM EXCHANGES INC. *et al.; et vice versa.*

Nos. 15525, 15531. SEPTEMBER 7, 1946. REHEARING DENIED OCTOBER 11, 1946.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *John E. Feagin,* for plaintiffs in error.

*MacDougald, Troutman & Arkwright, Robert S. Sams,* and *Harllee Branch Jr.,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ The sufficiency of the petition is challenged by the demurrer on the grounds that it contains no equity, since the petitioners have a complete and adequate remedy at law, and states no cause of action.

(a) "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. The same rule is likewise applicable in quasi-criminal proceedings. *Starnes* v. *Atlanta,* 139 *Ga.* 531 (77 S. E. 381). Such has been the law of this State for a long time. By numerous decisions of this court this rule has been stated and restated. The rule that equity will take no part in the administration of the criminal law is without exception; but in a number of decisions by this court, some of which are cited by counsel for the defendant in error, it has been held, because of specially pleaded facts, that the rule was not applicable. In *Corley* v. *Atlanta,* 181 *Ga.* 381 (182 S. E. 177), Mr. Justice Bell, undertook to assemble the cases where the rule had been held applicable. In his opinion he said: "There may be some cases in which the principles herein referred to were inadvertently overlooked, or were ignored because not invoked, and in which the results might have been different under other circumstances. Such are mere physical precedents, however, and are of little value except on the questions actually considered." The writer must confess that after examining all of the different decisions of this court, as he has anxiously done, dealing with the application of the rule, he is unable to reconcile some of the decisions with others, but, as pointed out by Mr. Justice Cobb in *Southern Ry. Co.* v. *Brown,* 126 *Ga.* 1, 5 (54 S. E. 911), "A misapplication of the rule in a given case will not be a binding authority, unless the facts of the two cases are identically the same." In the rather recent case of *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (13 S. E. 2d, 807), Mr. Justice Duckworth, speaking for this court, said: "In every case where the pleaded facts show that the primary injury complained of is the criminal prosecution, although property rights are incidentally involved, there is an adequate remedy at law by making a defense on the trial of the criminal case, and equity has no jurisdiction. If, however, the pleaded facts show that the primary injury of which complaint is made is to property and property rights, although criminal prosecutions may be incidentally involved, and there is no adequate remedy at law, equity has jurisdiction."

Are the pleaded facts here sufficient to take the case from under the rule? We think not. The ordinance can be enforced only by

criminal prosecution. None has been instituted or threatened. Construing the petition most strongly against the petitioners, as we are required to do for purposes of the demurrer, it shows that they made an application to the Board of Censors for the approval of the picture, "Scarlet Street," for showing in Atlanta, and for a permit to show the picture. The motion voted on by the Board of Censors was "that the appeal made to this board by these people to show this picture in any area in which the City of Atlanta has police jurisdiction be denied." Following this action, the board notified them by letter that the picture had not been approved for showing, and that they could not show it in any area in which the city had police jurisdiction. In these circumstances they allege that, if they seek to exhibit the picture in the City of Atlanta, they will be subject to a series of criminal prosecutions for a violation of the ordinance. They pray that the defendants be enjoined from such interference. In the event that they seek to exhibit the picture and criminal prosecutions are instituted against them, as they apprehend, they will have an adequate and complete remedy by defense thereto, and the case therefore falls within the rule that equity will take no part in the administration of the criminal law; and this would be true whether the board has or has not legally acted on the application for a permit. *Phillips* v. *Stone Mountain,* 61 *Ga.* 386; *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935) ; *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452) ; *Starnes* v. *Atlanta,* supra; *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489) ; *Southern Oil Stores* v. *Atlanta,* 177 *Ga.* 602 (170 S. E. 801) ; *Howard* v. *Briarcliff Zoological Corp.,* 178 *Ga.* 595 (173 S. E. 391) ; *City of Douglas* v. *South Georgia Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127) ; *Asa G. Candler Inc.* v. *Atlanta,* 178 *Ga.* 661 (174 S. E. 129) ; *Corley* v. *Atlanta,* supra; *Sosebee* v. *Demorest,* 182 *Ga.* 338 (185 S. E. 330) ; *Jewel Tea Co.* v. *Augusta,* 183 *Ga.* 817 (190 S. E. 1) ; *Walnut Transfer & Storage Co.* v. *Harrison,* 185 *Ga.* 720 (196 S. E. 432) ; *Brimer* v. *Jones,* 185 *Ga.* 747 (196 S. E. 435) ; *Jewel Tea Co.* v. *Cartersville,* 185 *Ga.* 799 (196 S. E. 712) ; *Southern Theatres Corp.* v. *Martin,* 188 *Ga.* 852 (5 S. E. 2d, 39) ; *Powell* v. *Hartsfield,* 190 *Ga.* 839 (11 S. E. 2d, 33) ; *Spur Distributing Co.* v. *Americus,* 190 *Ga.* 842 (11 S. E. 2d, 30) ; *City of Atlanta* v. *Miller,* 191 *Ga.* 767 (13 S. E. 2d, 814) ; *Winchester* v. *Gainesville,* 193 *Ga.* 33 (17 S. E. 2d, 66).

As instances where the rule was not applied, counsel for the defendant in error cite and rely on *Georgia R. & Banking Co. v. Atlanta,* 118 *Ga.* 486 (45 S. E. 256) ; *Cutsinger v. Atlanta,* 142 *Ga.* 555 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280) ; *Carey v. Atlanta,* 143 *Ga.* 192 (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151) ; *City Council of Augusta v. Loftis,* 156 *Ga.* 77 (118 S. E. 666) ; *Southeastern Greyhound Lines v. Atlanta,* 177 *Ga.* 181 (170 S. E. 43) ; *Great Atlantic & Pacific Tea Co. v. Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320) ; *City of Albany v. Lippitt,* supra; *Braddy v. Macon,* 194 *Ga.* 871 (22 S. E. 2d, 801). We have carefully examined all of those cases, and each differs on its facts from the instant case. We do not deem it necessary here to enter into any extended effort to distinguish the case at bar from the cited authorities, but suffice it to say that in the more recent cases of *Great Atlantic & Pacific Tea Co. v. Columbus, City of Albany v. Lippitt,* and *Braddy v. Macon,* where property and property rights were being injured, and under municipal ordinances persons other than the injured party were being prosecuted, this court held that equity would intervene, since the injured party had no right to control the defense of those being prosecuted, and hence had no full and complete remedy, but such is not the case here. Nowhere in the petition is it alleged that the petitioners have contracted, or attempted to contract, with any other person for the exhibition of the picture in Atlanta, or that any other person desires to so exhibit it.

(b) Does the petition state a cause of action for equitable jurisdiction? On application of the principles ruled in *Candler v. Atlanta, Howard v. Briarcliff Zoological Corp., City of Douglas v. South Georgia Grocery Co.,* supra, and *West v. Chastain,* 186 *Ga.* 667 (198 S. E. 736), to the allegations of the petition in the instant case, we think not. In the *Candler* case, where this court held that injunction was properly refused, the petitioner alleged: That it was the owner of valuable real estate located in the City of Atlanta, which was leased to a tenant and used for an open-air market; that an ordinance had been adopted, the validity of which was attacked as not being authorized by its charter, for certain constitutional grounds, and as being unreasonable, which ordinance prohibited the use of such property for such purpose without a permit from the city; that application for a permit had been made,

the fee required by the ordinance tendered, and a permit had been refused; that such ordinance was being used by the defendants to destroy valuable property rights of the petitioner to use or lease its property for such purpose, thereby reducing the income derived as rent from $500 per month to $65 per month; and that the chief of police had threatened and was threatening to arrest and prosecute the petitioner's tenant for each and every day that such tenant conducts an open-air market on the premises, claiming such operation to be in violation of the ordinance. In these circumstances, this court held: "The petition does not show interference with the person or property rights of the plaintiff, but is based on mere apprehension that such interference may be done." And in the very recent case of *Wallace* v. *Atlanta,* 200 *Ga.* 749 (38 S. E. 2d, 596), it was said: "Equity will not entertain a petition to enjoin the enforcement of an alleged unconstitutional law, where the complainant does not show that such enforcement is attempted against his personal or property rights." As was said by Mr. Justice Grice in *West* v. *Chastain,* supra: "The words of the Master, uttered centuries ago, are applicable here: 'Sufficient unto the day is the evil thereof.'" In *City of Douglas* v. *South Georgia Grocery Co.,* supra, this court held: "Where a court of equity, under the well-recognized principles stated above, has not jurisdiction, it will not assume jurisdiction for the purpose of inquiring into the constitutionality of a legislative act or the validity or reasonableness of a municipal ordinance making penal the act or acts for which the prosecutions were threatened." For the reasons herein stated, it was erroneous not to sustain the demurrer and dismiss the case.

*Judgment reversed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*