MOORE *v.* CITY OF TIFTON *et al.*

No. 16423. November 17, 1948. Rehearing denied November 30, 1948.

*Briggs Carson Jr.*, for plaintiff.
*C. A. Christian*, for defendants.

WYATT, Justice. ▉ The evidence offered on the interlocutory hearing dealt almost entirely with the nature of typhus fever, whether it is caused by fleas from rats, whether there exists an epidemic of typhus fever in Tifton, and the nature of the work necessary to be performed to rat-proof buildings. With reference to the steps taken to enforce the ordinance in question, the evidence was no stronger than the allegations of the petition with regard to the receipt of a notice from the city health officer, to the effect that the city would rat-proof the petitioner's property for a stipulated amount. The plaintiff testified that "they said they were not going to rat-proof it, but were going to tear . . down" one story building, and unless she contracted with the health department to do the work or did it herself, "they would enter upon the premises, do the work, issue a fi. fa., and levy on my property for the cost of the work." The city health officer testified that, if the injunction was denied, he intended to carry out the provisions of the ordinance. There was no evidence

whatever tending to show that any steps had been taken toward entering upon the premises for the purpose of performing work on the property; nor was there any evidence of any attempt to enforce the penal provisions of the ordinance.

Briefly stated, the evidence does not show an interference with the person or property rights of the plaintiff, but at most shows only a mere apprehension that such interference may occur.

The notice from the city, as alleged in the petition, is nothing more than a mere offer to perform work on the plaintiff's property for a stipulated amount.

While it has been held by this court that there exists a distinction between an injunction which is sought primarily for the purpose of enjoining a criminal prosecution, and one sought primarily for the purpose of preventing injury to property or property rights, this court has not gone so far as to hold that, when property or property rights are involved, a petition for injunction is maintainable merely upon an apprehension of injury. In the two principal cases where this court held that property rights were involved and a petition for injunction was maintainable (*Great Atlantic and Pacific Tea Co.* v. *Columbus*, 189 *Ga.* 458, 6 S. E. 2d, 320, and *City of Albany* v. *Lippitt*, 191 *Ga.* 756, 13 S. E. 2d, 807), overt acts had already been committed which injuriously affected the property or property rights of the petitioner. In other words, there presently existed conditions which were injuring property or property rights. In the first case, the manager of the petitioner's store had been arrested, and there were threats of repeated arrests if the ordinance in question was not complied with. In the latter case, while there had been no arrests made, it was pointed out by this court that the "defendants have threatened to institute criminal prosecutions against any agent or employee of petitioner who attempts to cut and remove the trees which he asserts are on the private property of petitioner; and it is alleged that such threats have prevented him from engaging the services of employees for the purpose of improving his private property." And this court then said: "Thus it clearly appears that he is injured by defendants' threats, and that he has no remedy at law, and consequently is entitled to equitable relief." In neither case did this court hold that the petitioner was entitled to an injunction merely because he ap-

prehended that an ordinance which had been passed might in the future injuriously affect him because he apprehended that the city authorities would undertake to enforce it.

As recently stated in *City of Nashville* v. *Snow,* 204 *Ga.* 371 (49 S. E. 2d, 808), this case "is based upon a mere apprehension that the defendant city will undertake to enforce its ordinances, and the case therefore falls within the rule that a mere threat of injury to the person or property rights will not authorize an injunction, as was announced by this court in *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489); *Southern Oil Stores Inc.* v. *Atlanta,* 177 *Ga.* 602 (170 S. E. 801); *Georgia Public Service Commission* v. *Parcel Delivery Co.,* 177 *Ga.* 600 (170 S. E. 800); *National Linen Service Corp.* v. *Milledgeville,* 177 *Ga.* 826 (171 S. E. 568); *Howard* v. *Briarcliff Zoological Corp.,* 178 *Ga.* 595 (173 S. E. 391); *City of Douglas* v. *South Georgia Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127); *Wallace* v. *Atlanta,* 200 *Ga.* 749 (38 S. E. 2d, 596); *Winchester* v. *Gainesville,* 193 *Ga.* 33 (17 S. E. 2d, 66); *City of Atlanta* v. *Universal Film Exchanges,* 201 *Ga.* 463 (39 S. E. 2d, 882)."

Accordingly, the trial court did not err in denying an interlocutory injunction.

■ The Tift County Board of Health, having supervision over matters relating to health and sanitation in the county, was a party interested in the subject-matter of the litigation; and the trial court did not err in allowing the intervention filed by the board. This is true irrespective of whether a resolution passed by the board, seeking to adopt and ratify the ordinance passed by the city, was void and ineffectual for any of the reasons urged by the plaintiff in error in objecting to the allowance of the intervention.          *Judgment affirmed. All the Justice concur.*