CITY OF BRUNSWICK *et al. v.* ANDERSON *et al.*

CANDLER, Justice. 1. The use of a city's streets for the transportation of passengers for hire in a taxicab is not an inherent right, but a mere privilege which the municipality, in the exercise of its discretion, may grant or refuse. *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861); *Clem* v. *LaGrange,* 169 *Ga.* 51 (149 S. E. 638, 65 A. L. R. 1361); *McWhorter* v. *Settle,* 202 *Ga.* 334 (43 S. E. 2d, 247). It is a privilege which the city may in the exercise of its discretion grant to one and deny to another. *Rogers* v. *Carr,* 203 *Ga.* 594 (47 S. E. 2d, 813). Being a privilege only, it does not come under the protection of the State and Federal Constitutions, since they protect rights alone. *Schlesinger* v. *Atlanta,* supra. In a proper case, it is the intent and purpose of our Declaratory Judgment Act (Ga. L. 1945, p. 137) to settle and afford relief from uncertainty and insecurity with respect to rights and other legal relations between the parties. *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d, 133). But it is not the function of the act to settle controversies, and make binding declarations, concerning a mere privilege. There must be in the controversy a legally protectible interest existing in virtue of some public law or ordinance. Compare *McWhorter* v. *Settle,* supra, where the legal right was established by ordinance. See also Borchard on Declaratory Judgments, p. 48.

2. "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. The same rule applies in quasi-criminal proceedings. *Starnes* v. *Atlanta,* 139 *Ga.* 531 (77 S. E. 381). There is no exception to this rule. *City of Atlanta* v. *Universal Film Exchanges,* 201 *Ga.* 463 (39 S. E. 2d, 882). There are a number of decisions by this court which hold that because of the pleaded facts the rule is not applicable, among the more recent of which are *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320); *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (13 S. E. 2d, 807); *Braddy* v. *Macon,* 194 *Ga.* 871 (22 S. E. 2d, 801). Those cases, however, differ on their facts from the present case, and it would serve no useful purpose to point out again the facts there pleaded which took the case from under the rule. In the present case, the petition shows that the plaintiffs alone have been arrested, and if the ordinance under which they are being prosecuted is void, as claimed, its invalidity can be pleaded as an absolute defense in the pending criminal cases. This being true, they have an adequate remedy at law, and equity has no jurisdiction to interfere.

3. A threat to arrest the plaintiffs and their employees for future violations of the alleged unconstitutional ordinance, being a mere apprehension of injury to person or property rights, will not authorize the grant of an injunction. *Candler* v. *Atlanta,* 178 *Ga.* 661 (174 S. E. 129); *West* v. *Chastain,* 186 *Ga.* 667 (198 S. E. 736); *Wallace* v. *Atlanta,* 200 *Ga.* 749 (38 S. E. 2d, 596); *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128).

4. "Where a court of equity has not jurisdiction, it will not assume jurisdiction for the purpose of inquiring into the constitutionality of a

legislative act or the validity of a municipal ordinance." *City of Atlanta v. Universal Film Exchanges,* supra.

5. Since the petition stated no cause of action and should have been dismissed on demurrer, all further proceedings in the case were nugatory.

*Judgment reversed. All the Justices concur.*

No. 16410. NOVEMBER 17, 1948.

*Reese, Bennet & Gilbert* and *Nightingale & Liles,* for plaintiffs in error.

*A. A. Nathan* and *Calvin B. Oliver,* contra.