MAYOR &C. OF ATHENS *v.* CO-OP CAB COMPANY *et al.*

CANDLER, Justice. 1. "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. The same rule applies in quasi-criminal proceedings; and prosecutions for ·violations of municipal ordinances, which are punishable by fine or imprisonment, are of that nature. *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29, 32 (67 S. E. 438); *Starnes* v. *City of Atlanta,* 139 *Ga.* 531 (77 S. E. 381). In several prior cases involving applications for injunctive relief, which were brought for the primary purpose of preventing further injury to property and property rights, but where penal prosecutions were incidentally involved, this court has held that, because of the pleaded special facts, the rule here announced was not applicable there. Among the more recent of these cases are *Great Atlantic & Pacific Tea Co.* v. *City of Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320); *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (13 S. E. 2d, 807); *Braddy* v. *City of Macon,* 194 *Ga.* 871 (22 S. E. 2d, 801); *New Mission Baptist Church* v. *City of Atlanta,* 200 *Ga.* 518 (37 S. E. 2d, 377); *Moultrie Milk Shed* v. *City of Cairo,* 206 *Ga.* 348 (57 S. E. 2d, 199). However, those cases are because of their special facts clearly distinguishable from the present case, and it would serve no useful purpose in this opinion to point out again the pleaded facts which took them from under the operation of the rule, namely, that equity will take no part in the administration of the criminal law; but it is sufficient to say that they are neither in conflict with the rule, nor an exception to it.

2. A threat to arrest and prosecute the plaintiffs and their employees for any future violation of a municipal ordinance, alleged to be null and void because in conflict with the statute of 1941 (Ga. L. 1941, p. 526), being a mere apprehension of injury to property or property rights, will not authorize the grant of an injunction. *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L.R.A. 772; 69 Am. St. R. 128); *Candler* v. *City of Atlanta,* 178 *Ga.* 661 (174 S. E. 129); *West* v. *Chastain,* 186 *Ga.* 667 (198 S. E. 736); *Winchester* v. *City of Gainesville,* 193 *Ga.* 33 (17 S. E. 2d, 66); *Deaton* v. *Mayor &c. of Tallapoosa,* 200 *Ga.* 632 (38 S. E. 2d, 284); *Wallace* v. *City of Atlanta,* 200 *Ga.* 749 (38 S. E. 2d,

596); *City of Nashville* v. *Snow*, 204 *Ga.* 371 (49 S. E. 2d, 808); *City of Brunswick* v. *Anderson*, 204 *Ga.* 515 (50 S. E. 2d, 337); *Associated Cab Co.* v. *City of Atlanta*, 204 *Ga.* 591 (50 S. E. 2d, 601); *Moore* v. *City of Tifton*, 204 *Ga.* 599 (50 S. E. 2d, 595); *City of Tifton* v. *Cooper*, 206 *Ga.* 379 (57 S. E. 2d, 196). In other words, equity will not intervene for the purpose of protecting property or property rights until some overt act has been committed which injuriously affects the same; and this is well settled by the cases cited above. The words of the Master, uttered centuries ago, are applicable here: "Sufficient unto the day is the evil thereof." Matthew, 6:34.

3. Where a court of equity does not have jurisdiction, it will not assume jurisdiction for the purpose, as in this case, of inquiring into the validity of a municipal ordinance. *City of Douglas* v. *South Georgia Grocery Co.*, 178 *Ga.* 657 (174 S. E. 127); *City of Brunswick* v. *Anderson*, supra.

4. Under the above principles, the petition in the instant case did not state a cause of action for the equitable relief prayed. Consequently, it should have been dismissed on the general demurrer interposed thereto; and, since for that reason all further proceedings taken in the case were nugatory, it is unnecessary to rule on the other assignments of error.

*Judgment reversed. All the Justices concur.*

No. 17307. JANUARY 9, 1951.

508

*James Barrow*, for plaintiff in error.

*Carlisle Cobb, Rupert A. Brown*, and *Edwin H. Fortson*, contra.