## THOMAS v. MAYOR &c. OF SAVANNAH et al.

CANDLER, Justice. This litigation was instituted by Charles E. Thomas against the Mayor and Aldermen of the City of Savannah, its marshal, and its chief plumbing inspector. The Savannah Association of Master Plumbers Inc. was allowed to intervene and become a party defendant. Insofar as it need be shown, the petition, after being amended, alleges: The plaintiff is an experienced plumber. The City of Savannah has an ordinance which requires plumbers to pass successfully an examination and secure a plumber's proficiency card from its board of plumbing examiners before doing plumbing work in the city. For a violation of the ordinance, the offender may be punished by a fine not exceeding $100 or by imprisonment not exceeding 30 days, either, both, or any portion thereof. The plaintiff took the prescribed examination, but failed to pass it. He has been informed by the city's marshal that he will be arrested if he pursues his trade as a plumber in the city before passing the examination and securing a proficiency card. The ordinance violates several enumerated provisions of the Federal and State Constitutions, including the due-process and equal-protection clauses of each; hence it is unenforceable. Besides for process, rule nisi, and service, he prayed for an injunction to prevent the defendants from enforcing the ordinance against him. The amended petition was demurred to generally. No express ruling appears to have been made upon the demurrer, but the judge denied an interlocutory injunction on the ground that the ordinance was valid as against the attack made upon its constitutionality. The plaintiff excepted and came to this court by direct bill of exceptions. *Held:*

1. It is a principle ancient and well settled that a correct decision of a trial judge will not be reversed by this court, even though he gives a wrong reason for his judgment. *Barksdale* v. *Security Investment Co.,* 120 *Ga.* 388 (4) (47 S. E. 943); *Hendricks* v. *Jackson,* 139 *Ga.* 604 (2) (77 S. E. 816); *Hill* v. *Smith,* 157 *Ga.* 210, 212 (121 S. E. 214); *Stahl* v. *Russell,* 206 *Ga.* 699 (2) (58 S. E. 2d, 135), and citations.

2. "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. The same rule applies in quasi-criminal proceedings; and prosecutions for violations of municipal ordinances, which are punishable by fine or imprisonment, are of that nature. *Mayor &c. of Athens* v. *Co-op Cab Co.,* 207 *Ga.* 505 (1) (62 S. E. 2d, 906), and citations. There are decisions by this court which hold that, because of their special facts, the rule is not applicable, among the more recent of which are *Great Atlantic & Pac. Tea Co.* v. *City of Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320); *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (13 S. E. 2d, 807); and *Braddy* v. *City of Macon,* 194 *Ga.* 871 (22 S. E. 2d, 801). Those cases, however, differ on their facts from the present case, and it would serve no useful purpose to point out again the facts there pleaded which took them from under the general rule that equity will take no part in the administration of the criminal law.

3. Where suit is filed in a court of equity, seeking to enjoin the enforce-

ment of a municipal ordinance on the ground that it is unconstitutional, and where it appears that no arrest has been made, no property levied upon, and there has been no other interference with the person or property rights of the petitioner, but that the petition is based upon a threat or mere apprehension of injury to person or property rights, it is proper to refuse an interlocutory injunction. *City of Brunswick* v. *Anderson,* 204 *Ga.* 515 (50 S. E. 2d, 337); *Associated Cab Co.* v. *City of Atlanta,* 204 *Ga.* 591 (50 S. E. 2d, 601); *Moore* v. *City of Tifton,* 204 *Ga.* 599 (50 S. E. 2d, 595); *City of Tifton* v. *Cooper,* 206 *Ga.* 379 (57 S. E. 2d, 196). Injunction is an extraordinary process, and the most important one which courts of equity issue; being so, it should never be granted except where there is grave danger of impending injury to person or property rights, and a mere threat or bare fear of such injury is not sufficient. *Elam* v. *Elam,* 72 *Ga.* 162 (2); *Cathcart Van & Storage Co.* v. *City of Atlanta,* 169 *Ga.* 791 (151 S. E. 489); *Asa G. Candler Inc.* v. *City of Atlanta,* 178 *Ga.* 661 (174 S. E. 129); *West* v. *Chastain,* 186 *Ga.* 667 (198 S. E. 736); *Wallace* v. *City of Atlanta,* 200 *Ga.* 749 (38 S. E. 2d, 596); *City of Atlanta* v. *Universal Film Exchanges,* 201 *Ga.* 463 (39 S. E. 2d, 882), and citations. And it is error for the court to grant an interlocutory injunction in a case where the plaintiff has an adequate remedy at law. *Colston* v. *Hutchinson,* 208 *Ga.* 559 (67 S. E. 2d, 763).

4. Accordingly, the court did not err, as contended, in denying an interlocutory injunction upon the petition of a plumber attacking as unconstitutional a city ordinance requiring plumbers to pass successfully an examination and secure a proficiency card from its board of plumbing examiners before engaging in plumbing work; and this is true since the petition as amended shows the existence of an adequate remedy at law to which the plaintiff may resort if and when injured by an enforcement of the ordinance complained of. See, in this connection, *Coker* v. *City of Atlanta,* 186 *Ga.* 473 (198 S. E. 74). While the trial court based its denial of the injunction upon a holding that the ordinance was constitutional, it is unnecessary, under the rulings here made, to pass upon that question. Direction, however, is given that the judgment complained of be modified insofar as it passes upon the constitutionality of the ordinance in question, so that the question of its constitutionality may be left open for consideration and determination when personal or property rights may be directly affected thereby.

*Judgment affirmed with direction. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18239. ARGUED JUNE 8, 1953.—DECIDED JULY 13, 1953.

*William L. Grayson,* for plaintiff in error.

*Aaron Kravitch, Connerat, Dunn, Hunter, Cubbedge & Houlihan, Malcolm Maclean,* contra.