24270. WEYERHAEUSER COMPANY v. CITY OF ADEL.
24271. GEORGIA POWER COMPANY v. CITY OF ADEL.

ARGUED SEPTEMBER 14, 1967—DECIDED OCTOBER 5, 1967.

*Troutman, Sams, Schroder & Lockerman, Tench C. Coxe, Milton A. Carlton, Jr., Tillman, Brice, McTier & Coleman, B. Lamar Tillman,* for appellants.

*Jack Carter, L. Clifford Adams, Jr., M. Dale English,* for appellee.

*L. Clifford Adams, Jr.,* for party at interest not party to record.

GRICE, Justice. ˙These appeals are from a judgment restraining and enjoining a power company from selling electricity at retail to a customer within the corporate limits of the City of Adel, and enjoining the customer from receiving it. The appeals result from a suit filed in the Superior Court of Fulton County by the City of Adel against the Georgia Power Company, the seller, and Weyerhaeuser Company, the purchaser. In Case No. 24270 Weyerhaeuser Company is the appellant, and in Case No. 24271 Georgia Power Company appeals. Upon the hearing for temporary injunction the necessary facts were stipulated by the parties. In summary, they are those which follow.

The Power Company has a contract, valid as between it and Weyerhaeuser, to supply Weyerhaeuser's electric needs at its plant site just inside the corporate limits of the City of Adel.

The Power Company will not use or occupy any of the streets or public places of the City in supplying power to said plant site.

The Power Company is preparing to, and will, unless restrained, supply power at such plant site without the City's consent. The City has not consented to the service of power at such plant site by the Power Company.

The Power Company is a public service corporation generating electric power in Georgia, and its charter authorizes it, among other things, ". . . to operate electric plants and properties . . . for the generation, transmission and distribution of . . . electric current . . . with the easements and franchises appertaining thereto and to furnish power, electric current . . . for any purpose for which same may be employed."

The City is a municipal corporation of this state and owns and operates an electric distribution system serving all electric power users at retail within its corporate limits.

The Power Company at the present time does not supply power to any consumer at retail within the corporate limits of the City.

In their appeals, the Power Company and Weyerhaeuser complain of the injunction against their selling and purchasing, respectively, electricity at said plant site, and Weyerhaeuser also complains of the court's failure to sustain its general demurrer to the petition and dismiss it as a defendant in the case.

■ The Power Company maintains that by statute and charter it has the authority to furnish electricity to Weyerhaeuser. Basically, it contends that since it will not use or occupy any of the streets or public places of the City in supplying electricity to Weyerhaeuser, the fact that it does not hold a franchise from the City is immaterial. It asserts that the general rule is that the only authority of a municipality to exclude a public utility is based on its control over its own streets and property, and that here the City of Adel has no charter or statutory authority which removes it from this rule.

We have carefully considered the reasoning and authorities submitted for support of this position and find it meritorious.

By its charter, the Power Company has express authority to furnish electric power in this state, and a law of general application provides that "Any person or corporation creating electricity in this State may make contracts and lease said power, or any part thereof, to any person or corporation." Code § 22-722. Thus, the Power Company may serve Weyerhaeuser unless the City has some authority enabling it to bar that service.

For such authority the city claims that by its charter it has the exclusive right to furnish electric power within its limits and also the power to grant, or not to grant, franchises to public utilities within its limits and to regulate them.

(a) Although the City has charter authority to furnish electric power for public and private use in the City, we do not construe that power as being exclusive. The grant of "full power and authority to furnish . . . electric lights and power . . ." (Ga. L. 1960, pp. 3055, 3073, § 21), while broad and extensive, is clearly not the grant of an exclusive right, and therefore does not empower the City to prevent service within its limits by the Power Company.

(b) Nor can the City prohibit the service involved here by virtue of its power to grant franchises and to regulate utilities within the City.

Whether or not the word "franchise," in general, is limited to permission to use the streets and public places in carrying on the business, the City of Adel's franchise power is clearly so limited. Its charter power to "grant franchises, easements,

and rights-of-way over, in, under, or along the public streets, sidewalks, alleys, parks, or other property of said City," (Ga. L. 1960, pp. 3055, 3079, § 27(G)) is of no support to it here where the Power Company proposes to furnish electric service to Weyerhaeuser without using any City street or place. To the same effect is *Code Ann.* § 69-310(e) (Ga. L. 1962, pp. 140, 141), which grants additional powers to municipalities. It authorizes municipalities to grant ". . . franchises to . . . electric light or power companies . . . and other public utilities for the use and occupancy of the streets of the City. . ."

Likewise, its charter power to ". . . regulate all public services or utility corporations doing business in said City" (Ga. L. 1960, pp. 3055, 3079, § 27(G)) is not authority to prohibit the Power Company from serving Weyerhaeuser under the facts here.

(c) Furthermore, the City can not bar the Power Company on the ground that the City has invested large sums in an electric distribution system which can and does serve all retail users within its corporate limits. See *Cobb County Rural Electric Membership Corp. v. Board of Lights &c. of Marietta,* 211 Ga. 535 (87 SE2d 80) (two Justices dissenting on other grounds).

Therefore, in view of the Power Company's charter and statutory authority to furnish electric power in this state and of the absence of any authority in the City of Adel to prohibit the service involved here, we come to the same conclusion reached by this court in *Cobb County Rural Electric Membership Corp. v. Board of Lights &c. of Marietta,* 211 Ga. 535, supra. There, the Cobb County REA, after investing a considerable sum in facilities for serving an unincorporated area of Cobb County, sought to enjoin the City of Marietta, which had authority to furnish electricity outside its limits, from serving such area. This court stated: "We are here dealing with two corporations which have clear legislative authority to supply the residents of this rural area with electric energy, and it is not contended, nor could it be, that either has an exclusive right to do so; and, since their creator did not see fit to prohibit one from competing with the other, it is elementary that the courts are unauthorized to do so." P. 540.

It was error to restrain and enjoin the appellants.

■ This ruling upon the injunction involves the same basic facts which are alleged in the petition and therefore is controlling upon appellant Weyerhaeuser's complaint that its general demurrer should have been sustained.

*Judgment reversed. All the Justices concur.*