71057. CABLE HOLDINGS OF BATTLEFIELD, INC.
v. LOOKOUT CABLE SERVICES, INC. et al.
(343 SE2d 737)

McMURRAY, Presiding Judge.

Plaintiff Lookout Cable Services, Inc. (Lookout) filed this action for declaratory judgment and named as defendants, Cable Holdings of Battlefield, Inc. (Cable Holdings), The Town of Fort Oglethorpe, The City of Chickamauga and Walker County. Plaintiff alleges that (in 1972) each of the governmental entities issued to the predecessor of defendant Cable Holdings a franchise to operate a CATV (community antenna television) service within its boundaries, such franchise purporting to be exclusive in nature. Plaintiff further alleges that two of the defendant governmental entities have granted it a franchise to construct and operate a CATV system within its boundaries while defendant City of Chickamauga has rejected its application for a franchise on the sole basis that it would honor the "exclusive" franchise of Cable Holdings. Contending that any purportedly exclusive grant of franchises for CATV systems by the defendant government entities was ultra vires, plaintiff sought a declaration that it has the right to do business, that is construct and operate a CATV system, within the area governed by each of the three defendant governmental entities. The defendants answered, also filing various counterclaims and cross claims which have been severed for separate disposition. A declaratory judgment was entered pursuant to the provision of OCGA § 9-11-54 (b) holding that the exclusivity features of the franchises granted to defendant Cable Holdings' predecessor were ultra vires, void and unenforceable. The trial court further held that these provisions were not subsequently revived by ratification after the enactment of OCGA § 36-18-2 (Ga. L. 1981, p. 865, § 2). Defendant Cable Holdings appeals. *Held*:

1. Defendant Cable Holdings enumerates as error the trial court's refusal to dismiss or stay this action. "Where the questions to be answered are legal ones determinable in another proceeding then

in progress between the same parties, in a court having jurisdiction to determine them, the court will ordinarily refuse to entertain a declaratory judgment proceeding. *Shippen v. Folsom*, 200 Ga. 58 (7) (35 SE2d 915)." *Darnell v. Tate*, 206 Ga. 576, 581 (58 SE2d 160). Defendant Cable Holdings' motion to dismiss and subsequent motion to stay are predicated on the existence of a prior pending action in federal court involving all of the parties to the action sub judice and which presented the same issues which are presented in the action sub judice in regard to the validity of the "exclusive" franchises. The interaction between the case sub judice and the federal case may suggest an occurrence of the judicial inefficiency which application of the doctrine enumerated in *Darnell v. Tate*, 206 Ga. 576, supra, would avoid. See *Cable Holdings of Battlefield v. Cooke*, 764 F2d 1466 (11th Cir. 1985). However, as we have concluded that the declaratory judgment entered by the trial judge is correct, any error in proceeding with the case sub judice was harmless. This enumeration of error is without merit.

2. The trial court and plaintiff rely upon the holding in *Macon Ambulance Svc. v. Snow Properties*, 218 Ga. 262, 265 (2) (127 SE2d 598), that a municipality or county in Georgia has no power to grant exclusive franchises or privileges unless the power is expressly granted by the legislature. Defendant Cable Holdings contends that its exclusive franchises are enforceable and presents several arguments by which it would avoid the holding in *Macon Ambulance Svc. v. Snow Properties*, 218 Ga. 262, 265, supra.

The essence of Cable Holdings' first argument is that the policy considerations which generally prohibit the issue of exclusive franchises are not applicable in regard to CATV systems because they are natural monopolies. See *Omega Satellite Prods. Co. v. City of Indianapolis*, 694 F2d 119 (7th Cir. 1982). However, where a natural monopoly situation exists, the alternative of exclusive franchises does not provide the sole reasonable method of determining which company shall occupy the monopoly position. This determination may also be made in the marketplace. See generally *Lamb Enterprises v. Toledo Blade Co.*, 461 F2d 506 (6th Cir. 1972). Therefore, we find no reason to say that *Macon Ambulance Svc. v. Snow Properties*, supra, is inapplicable to natural monopoly situations.

Next, Cable Holdings contends that the general rule against the grant of an exclusive franchise does not apply in the case sub judice because the franchises at issue curtail dealing with the operation of property held by the governmental entities in their governmental capacity. This apparently refers to the language in *Macon Ambulance Svc. v. Snow Properties*, supra at p. 267 distinguishing *Associated Cab Co. v. Atlanta*, 204 Ga. 591 (50 SE2d 601). The factual predicate of this contention is incorrect. The case sub judice involves the use of

the streets, bridges and other public places of the defendant governmental entities, rather than property which these governmental entities hold in their "governmental capacity," as that term is used in *Macon Ambulance Svc. v. Snow Properties*, supra. The property referred to as held in a governmental capacity in *Macon Ambulance Svc. v. Snow Properties*, supra (in distinguishing *Associated Cab Co. v. Atlanta*, supra), is the Atlanta Municipal Airport rather than the streets of the City of Atlanta.

We find nothing in the 1981 enactment of OCGA § 36-18-2 which breathes life into the 1972 purported exclusive franchises at issue. Although this statute acknowledges a pre-existing power of governmental entities to grant franchises to operate CATV systems, the only pre-existing franchises entitled to the benefits of the statute are those which were "lawfully" issued. As previously stated under *Macon Ambulance Svc. v. Snow Properties*, supra, the 1972 franchises were not lawfully issued at least insofar as they purported to be "exclusive." Thus, the exclusivity provisions of the 1972 franchises are not entitled to the benefits bestowed by OCGA § 36-18-2.

We find no merit to the contention that the charters of Fort Oglethorpe and Chickamauga authorize the issuance of an exclusive CATV franchise. While the language therein is broad and extensive it clearly is not a grant of the power to issue exclusive franchises. See *Weyerhaeuser Co. v. Adel*, 223 Ga. 668, 670 (1a, b) (157 SE2d 441).

Next, Cable Holdings contends that following the enactment of OCGA § 36-18-2, two of the government entities, Walker County and the City of Chickamauga, have ratified their grants of exclusive franchises to Cable Holdings. Assuming without deciding that OCGA § 36-18-2 grants the authority to issue exclusive franchises, we note that the statute confers this authority only upon the governing authority of each county in the State and we find no similar authorization of municipalities. Consequently, as the City of Chickamauga has never acquired any authority to issue exclusive franchises, Cable Holdings' ratification argument in regard to the City of Chickamauga is fatally flawed. As to Walker County, Cable Holdings rests its ratification argument on evidence that the county has demanded payment of franchise fees. However, while the collection of these fees may ratify the existence of a franchise, there was no action by the county inconsistent with the characterization of that franchise as non-exclusive. Also, the grant of a franchise to Lookout refutes the suggestion of ratification by Walker County of an exclusive franchise arrangement with Cable Holdings.

Finally, Cable Holdings contends that Lookout should be estopped from challenging the exclusive nature of its franchises. This contention is predicated upon representations made by Cooke (owner of 50% of the shares of Lookout and former owner of shares in Cable

Holdings) during negotiations for the sale of his shares of Cable Holdings to the present owners, that the exclusive franchises were valid. However, the mere expression of a legal opinion does not ordinarily work an estoppel. *Trust Co. of Ga. v. S&W Cafeteria*, 97 Ga. App. 268, 285 (103 SE2d 63), and there can be no estoppel by conduct where both parties have equal knowledge or equal means of obtaining the truth. *Gay v. Laurens County*, 213 Ga. 518 (2) (100 SE2d 271); *Tybrisa Co. v. Tybeeland*, 220 Ga. 442, 446 (139 SE2d 302). In the case sub judice, the Georgia law on the matters at issue was equally accessible to all.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 13, 1986 —
REHEARING DENIED APRIL 1, 1986 — 

*Sam F. Little*, for appellant.
*David P. Daniel*, for appellees.